Johnson, J.,
 
 (a)
 

 delivered the opinion of the court, as follows : — This case rests upon the single question, whether a subject of Great Britain, born before the declaration of independence, can now inherit lands in this country ? The general doctrine is admitted, that in the state of Maryland, in which the land lies, an alien cannot take by descent; but it is contended,
 
 *193
 
 upon the doctrine laid down in
 
 Calvin's Case,
 
 that the rights of the
 
 antenati
 
 of Great Britain formed an exception from the general rule. The point decided in the case of Calvin was, that a Scotsman, born after the union, could inherit lands in England. It is evident, that this case is not directly in point, for the only objection here to the right of recovery did not exist in
 
 Calvin's Case,
 
 as, whether in England or in Scotland, he was equally bound in allegiance to the king of Great Britain. It would be a contradiction in terms, to contend that Dawson or his wife ever owed allegiance to a government which did not exist at their birth. It- is upon a supposed analogy, therefore, and the reasoning of the judges in
 
 Galvin's Case,
 
 that the argument for the plaintiff is founded. In the two cases of
 
 McIlvaine
 
 v.
 
 Coxe
 
 and
 
 Lambert
 
 v. Paine, in this court, this doctrine was very amply discussed, and this case is submitted upon those arguments. The counsel there contended, that the relation of the
 
 post-nati
 
 of Scotland (after the union) to the subjects of Great Britain, was identically the same with the
 
 ante-nati
 
 of Great Britain (before our revolution) to the citizens of this country, and that the community of allegiance, at the time of birth, and not the existing state of it, when the descent is cast, is the principle upon which the right to inherit depends.
 

 The latter proposition presents the weak point of their argument, for the community of allegiance at the time of *birth and at the time of descent both existed in
 
 Galvin's Case.
 
 And if the court, in their argu- *- ment, expressed opinions which appear to go the length contended for by the counsel, they must be considered as mere
 
 obiter
 
 opinions, since the decision of the cause did not depend upon them. We have no doubt, that the correct doctrine of the English law is, that the right to inherit depends upon the existing state of allegiance, at the time of the descent cast. And that the idea that it depends upon community of allegiance, at the time of birth, is a consequence that follows from the doctrines that a man can never put off his allegiance, or be deprived of the benefits of it, but for a crime. Community of allegiance once existing, must, upon these principles, exist ever after. Hence it is, that the
 
 ante-nati
 
 of America may continue to inherit in Great Britain, because we once owed allegiance to that crown. But the same reason does not extend to the
 
 ante-nati
 
 of Great Britain, because they never owed allegiance to our government.
 

 This idea will be best elucidated in the following manner. If an action be commenced in England, by an
 
 ante-natus
 
 of America, for the recovery of land, the plea of
 
 alien born
 
 could not be maintained, because inconsistent with the fact; nor would a plea of the severance of these states avail the defendant, because the act of his government, independent of any crime of his- own, does not deprive the plaintiff of his civil rights, although it may release him from the obligation of allegiance. But if a suit of the same kind is instituted here, by an
 
 ante-natus
 
 of Great Britain, the plea of
 
 alien born
 
 could be maintained, for the plaintiff never owed allegiance to our government. To avoid it, he would be put to a special replication, by which he must of necessity acknowledge the truth of the plea, and set forth circumstances which would amount to a recognition of his never having been a party in our social compact. Much of the difficulty in satisfying the mind on this subject vanishes, upon a just view of the nature of the right of inheritance. Gentlemen have argued upon its
 
 *194
 
 as if it were a natural and perfect right; whereas, it has its origin in, and is modified to infinity by, the laws of society, in exercise of the right of territorial jurisdiction. To be entitled to inherit in the state of Maryland, a right should be made out, under the laws of that state. As the common law, Avhich is the law of Maryland on this subject, *deprives an alien -* generally of the right of inheriting, it is incumbent upon the plaintiff, to establish some exception in favor of his case. But I know of no exception, at common law, which gives the right to inherit distinctly from the obligation of allegiance, existing either in fact or in supposition of law.
 

 Judgment affirmed.
 

 (a)
 

 The judges present were, Chase, Johnson, Livingston and Todd.