But the Court
(Cranch, C. J., contra,)
permitted the evidence to be given.
Mr. Key, for the defendant,
contended that the plaintiff could not recover the share which would have descended to Mrs. Dawson if she had not been an alien; and that the four sisters constituted but one heir. 2 Bl. Com. 187; Bac. Ab. tit. Parcener; Co. Lit. 163 (b); Co. Lit. 8 (a).
Mr. C. Lee and Mr. Jones, for the plaintiff,
relied upon the opinion of the Supreme Court of the United States in the case of Dawson v. Godfrey, 4 Cranch, 321.
The CouRT (nem. con.) instructed the jury that if they found the facts to be as stated, they ought to presume a valid deed of conveyance from Black to Bradford.
The Court (nem. con.) was.of opinion, upon the authority of that case, that Mrs. Dawson was to be considered as an alien born, and as never having had a right to inherit lands in the United States; and consequently, that the whole land descended to the three other sisters, the lessors of the plaintiff.
Mr. Key then contended, that as the father of the four sisters was born in Maryland, and was there at the time of the Revolution, he was a natural-born subject of the State of Maryland, and that his child (Mrs. Dawson) born out of the allegiance of that State, was a subject of that State, and entitled to inherit under the English statute of 7 Anne, c. 5, § 3, which he contended was in force in Maryland, by virtue of the Bill of Rights of that State.
The Court, (nem. con. but not without some doubt,) was of opinion that the statute' of 7 Anne, c. 5, § 3, did not protect the right of Mrs. Dawson. She and her parents were under the same allegiance at the time of her birth ; and if the statute is adopted by the Bill of Rights of 1777, yet it cannot look back and make her born under a different allegiance, contrary to the fact.
Mr. Key then contended that the lessors of the plaintiff were estopped by the decree of partition made by the Chancellor of MÍaryland, from denying Mrs. Dawson’s right.
But the Court decided that they were not estopped.
Mr. Key then contended that Mrs. Dawson took by purchase under the decree, and not by descent; and can therefore take and hold until office found, especially as the chancellor had decreed that she should pay money to the other, heirs, in consequence of having had the largest portion allotted to her in the partition.
’ But, per Curiam, the partition passed nothing from the three sisters to Mrs. Dawson. The decree cannot be enforced, as it was founded upon a mistake of the rights of the parties; and there is no evidence of the money having been paid.
Verdict for the plaintiffs. Bills of exceptions were taken, but no writ of error was prosecuted.