[No. B100335. Second Dist., Div. Three. June 4, 1998.]

JIMMY DEAN ZIEGLER, as Trustee, etc., et al., Plaintiffs and Appellants, v.
EARL HARRISON NICKEL et al., Defendants and Respondents.

## Counsel

Jimmy Dean Ziegler, in pro. per., for Plaintiffs and Appellants.

No appearance for Defendants and Respondents.

## Opinion

## ALDRICH, J.—

### Introduction

Plaintiff, Mighty Oak Trust, appeals from the order of the trial court directing Jimmy Dean Ziegler, trustee, to withdraw as attorney for the trust and engage a licensed attorney to represent the Trust in its lawsuit against defendants Earl and Thelia Nickel. After analyzing a novel issue in California, we hold the trial court's order was proper.

## Factual and Procedural Background

This action was commenced by Ziegler as trustee of the Mighty Oak Trust (Trust) alleging, as sellers of a certain mobilehome to the Trust, defendants had intentionally failed to disclose certain material defects. Defendants demurred to the complaint.

Concurrently, defendants noticed and filed a motion for an order compelling Ziegler to withdraw as attorney for the Trust. The motion was brought on the ground that Ziegler was not an attorney and so his representation of the Trust in the lawsuit constituted an unauthorized practice of law in violation of Business and Professions Code section 6125.[1] Defendants requested the court order that Ziegler may no longer represent the Trust, and direct the Trust to hire a member of the bar to prosecute this lawsuit. Ziegler opposed the motion.

Finding Ziegler was not licensed to practice law, the court ordered him to withdraw as attorney for the Trust and gave him 30 days to retain an attorney to represent the Trust.[2] The court warned Ziegler his failure to retain an attorney at law within the time specified could result in the dismissal of the complaint. A formal order directing Ziegler to withdraw as attorney for the Trust was entered on January 11, 1996. Ziegler appealed.

## Discussion

■ Ziegler contends the trial court erred in ordering him to withdraw from representing the Trust because as trustee, he is not a "person" as defined in section 6125, and as the Trust contains no assets or equity with which to pay an attorney, applying section 6125 in this case would effectively deny the Trust access to the court to seek a remedy for its injury.

■ Section 6125 states, "No person shall practice law in California unless the person is an active member of the State Bar." Under the statute, one who is not a licensed attorney cannot appear in court for another person. (*Russell* v. *Dopp* (1995) 36 Cal.App.4th 765, 774 [42 Cal.Rptr.2d 768]; *Pickett* v. *Municipal Court* (1967) 249 Cal.App.2d 844, 846 [58 Cal.Rptr.

[1] Hereinafter, all statutory references shall be to the Business and Professions Code unless otherwise noted.

[2] The court also sustained defendants' demurrer with 30 days' leave to amend. On March 26, 1997, the court, on its own motion, dismissed the complaint for failure of the Trust to file an amended complaint within 30 days as ordered. The record shows Ziegler had opposed the court's move to dismiss the action on the ground it had no jurisdiction because Ziegler had already filed a timely notice of appeal. However, as Ziegler did not challenge the dismissal on appeal, we do not address it.

24].) Thus, one holding a special power of attorney cannot act as an attorney for another by virtue of the power of attorney. (*People* ex rel. *Dept. of Public Works* v. *Malone* (1965) 232 Cal.App.2d 531, 537 [42 Cal.Rptr. 888].) It has long been established that " '[a] corporation cannot represent itself in court, either in propria persona or through an officer or agent who is not an attorney.' [Citations.]" (*Merco Constr. Engineers, Inc.* v. *Municipal Court* (1978) 21 Cal.3d 724, 729 [147 Cal.Rptr. 631, 581 P.2d 636].) That is, a corporate officer, who is not an attorney, may not appear on behalf of the corporation. (*Ibid.*)

■ In contrast to a corporation which is a " '. . . distinct legal entity separate from its stockholder and from its officers' [citation]" (*Merco Constr. Engineers, Inc.* v. *Municipal Court, supra,* 21 Cal.3d at p. 729) and deemed a person within many legal constructs (Code Civ. Proc., § 17), a ". . . trust is not a person but rather 'a *fiduciary relationship with respect to property.*' [Citations.] Indeed, ' " 'an ordinary express trust is not an entity separate from its trustees.' " ' [Citation.]" (*Moeller* v. *Superior Court* (1997) 16 Cal.4th 1124, 1132, fn. 3 [69 Cal.Rptr.2d 317, 947 P.2d 279], italics added; *Pillsbury* v. *Karmgard* (1994) 22 Cal.App.4th 743, 753 [27 Cal.Rptr.2d 491]; see also Evid. Code, § 951.) Thus, one might conclude, because the trustee and trust are not separate, the trustee would not be practicing law in a representative capacity if that trustee appeared in court in litigation involving the trust property. However, the above cited cases are distinguishable as they involve the powers and standing of the trustee. *Moeller* concerns whether the trustee's powers include the authority to assert the attorney-client privilege. (*Moeller, supra,* at p. 1131.) *Pillsbury* analyses who constitutes the real party in interest in litigation involving trust property. (*Pillsbury, supra,* at p. 753.)

■ Research has revealed no California case which addresses the question of whether a trustee, who is not an attorney, may represent the trust in an action brought to protect the trust property. Looking to other states, we adopt the holding and reasoning of the Supreme Court of Nebraska which stated, "It is true that, as a general rule, a trust is not a legal personality, and the trustee is the proper person to sue or be sued on behalf of such trust. [Citations.] However . . . a trustee's duties in connection with his or her office do not include the right to present argument [in propria persona] in courts of the state, because in this capacity such trustee would be representing *interests of others* and would therefore be engaged in the unauthorized practice of law. [Citation.]" (*Back Acres Pure Trust* v. *Fahnlander* (1989) 233 Neb. 28, 29 [443 N.W.2d 604, 605], italics added; see also *Mahoning County Bar Association* v. *Alexander* (1997) 79 Ohio St.3d 1220, 1221 [681 N.E.2d 934, 935] (maj. opn.); cf. *In re Ellis* (1971) 53 Hawaii 23, 28 [487 P.2d 286, 289].)

Stated otherwise, "[a] trustee must *always act solely in the beneficiaries' interest.* [Citations.]" (*Moeller* v. *Superior Court, supra,* 16 Cal.4th at p. 1134, some italics added; Prob. Code, § 16002, subd. (a).) The actions of the trustee affect the trust estate and therefore affect the interest of the beneficiaries. A nonattorney trustee who represents the trust in court is representing and affecting the interests of the beneficiary and is thus engaged in the unauthorized practice of law. (§ 6125.)[3]

The trial court did not err in directing Ziegler to withdraw as attorney for the Trust and to retain a member of the bar to represent the Trust.

DISPOSITION

The order appealed from is affirmed.

Croskey, Acting P. J., and Goodman, J.,* concurred.

---

[3]Ziegler also surmises the trial court's ruling resulted from bias it felt towards him. Based on our holding, the trial court properly ordered Ziegler to withdraw.

*Judge of the Municipal Court for the Culver Judicial District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.