NO. 07-01-0198-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



OCTOBER 24, 2001



______________________________




FRANCAS M DAVILA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 94-418618; HONORABLE SAM MEDINA, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON ABATEMENT AND REMAND


 Appellant Francas M. Davila was convicted of the offense of robbery and sentenced
to five years confinement in the Institutional Division of the Department of Criminal Justice,
probated for three years. On February 1, 2001, the court revoked her community
supervision and sentenced her to four years confinement in the Institutional Division of the
Department of Criminal Justice. Appellant has appealed from that judgment.

 We have received the reporter's and clerk's records in this matter. However, we
have not received a brief from appellant, which was due to be filed on August 1, 2001. By
letter dated October 2, 2001, we notified appellant's attorney of record that neither a brief
nor a motion for extension of time had been filed and that if a satisfactory response was
not received by October 12, 2001, the appeal would be abated to the trial court. We have
received no response to that letter. Therefore, we must abate this appeal to the trial court
for a hearing as provided by Rule of Appellate Procedure 38.8(b)(2). Accordingly, this
appeal is abated and the cause remanded to the 237th District Court of Lubbock County.

 Upon remand, the judge of the trial court shall immediately cause notice to be given
and conduct a hearing to determine:

 1. Whether appellant has abandoned her appeal.


 2. Whether her present appellate attorney will diligently pursue the appeal
and what steps, if any, should be taken to ensure that diligence. 


 3. If it be determined that the present attorney will not diligently pursue the
appeal, whether appellant is presently indigent, and, if so, whether other
counsel should be appointed to represent her.


 4. If it be determined that another attorney should be appointed, the name,
address, and State Bar of Texas identification number of the attorney
appointed.


 5. If appellant is not indigent and the present attorney will not diligently
pursue the appeal, what steps need to be taken to ensure that appellant will
promptly obtain the services of another attorney to pursue the appeal.


 6. Whether appellant has been deprived of a diligent appeal by ineffective
assistance of counsel or for any other reason.


 7. If any other orders are necessary to ensure the proper and timely pursuit
of appellant's appeal.


 In support of its determinations, the trial court shall prepare and file written findings
of fact and conclusions of law and cause them to be included in a supplemental clerk's
record. The hearing proceedings shall be transcribed and included in a supplemental
reporter's record. The supplemental clerk's and reporter's records shall be submitted to
the clerk of this court no later than November 26, 2001.

 It is so ordered. 

 Per Curiam

Do not publish.



"
 UnhideWhenUsed="false" QFormat="true" Name="No Spacing"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0375-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

NOVEMBER 1, 2010

 

______________________________

 

 

IN
RE: JAMES CRAIG GUETERSLOH, INDIVIDUALLY AND

JAMES
CRAIG GUETERSLOH, TRUSTEE OF THE 1984 GUETERSLOH TRUST

 

_________________________________

 

ORIGINAL
PROCEEDING

ON
APPLICATION FOR WRIT OF MANDAMUS

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

OPINION

            The novel issue presented by this
mandamus proceeding is whether a trustee of a trust has the same right to
represent himself in his representative capacity as he does in his individual
capacity.  We hold that he does not,
strike his petition for writ of mandamus as it pertains to claims being
asserted in his capacity as trustee, but conditionally grant his petition as it
pertains to claims being asserted in his individual capacity.

Background

            This mandamus proceeding
relates to an underlying proceeding pending in the 121st District
Court, Terry County, wherein the Real Parties in Interest, Michael Guetersloh,
Jr., Denise Foster (formerly Denise Guetersloh Spicer), and Michael Guetersloh,
III, each acting pro se, filed suit seeking
(1) termination of the 1984 Guetersloh Trust, (2) distribution of trust property,
and (3) an accounting of all income and distributions from the trust.  The 1984 Guetersloh Trust is an express
family trust created for the benefit of four named individuals, the three Real
Parties in Interest and one of the Relators, James Craig Guetersloh.  In addition to naming the Relator in his
individual capacity as a party,[1]
the petition named the other Relator, James Craig Guetersloh, Trustee of the
1984 Guetersloh Trust, as a party.[2]

            On
August 26, 2010, Relators, each acting pro
se, filed an original answer, comprised of a general denial and affirmative
defenses, coupled with a Motion to Transfer Venue based on provisions of the
Texas Property Code.  See Tex. Prop. Code Ann. § 115.002(b)(1)
(Vernon 2007).  That same day, acting sua sponte, the trial court found that
the trustee of a trust cannot appear in court pro se because to do so would amount to the unauthorized practice
of law.  Accordingly, the trial court notified
Relators that no action would be taken on their motion to transfer venue until
such time as the trustee obtained legal representation.  Notwithstanding the ruling of the trial court,
on September 1, 2010, both Relators (with James Craig Guetersloh, Trustee of
the 1984 Guetersloh Trust, still acting pro
se) filed a motion for oral hearing concerning the motion to transfer
venue.  Despite being requested by
Relators to do so, to date, the trial court has failed to issue a ruling on
either motion.  Relators now seek from
this Court the issuance of a writ of mandamus ordering the trial court to set
an oral hearing on Relators' pending motion to transfer venue and to allow the
Relator, James Craig Guetersloh, Trustee of the 1984 Guetersloh Trust, to
appear in the underlying proceeding on a pro
se basis.

I.  Trustee's Right to Self-Representation

            The
general rule in Texas (and elsewhere) has long been that "the term 'trust'
refers not to a separate legal entity but rather to the fiduciary relationship governing the trustee with respect to the
trust property."  Huie v. DeShazo, 922 S.W.2d 920, 926
(Tex. 1996) (emphasis in original). 
Accordingly, suits against a trust must be brought against the trustee.  See
Werner v. Colwell, 909 S.W.2d 866, 870 (Tex. 1995); Smith v. Wayman, 148 Tex. 318, 224 S.W.2d 211, 218 (Tex. 1949); Slay v. Burnett Trust, 143 Tex. 621, 187
S.W.2d 377, 382 (Tex. 1945).

            Relators
argue that because James Craig Guetersloh, Trustee of the 1984 Guetersloh
Trust, is the actual party to the suit being prosecuted by the Real Parties in
Interest, under Rule 7 of the Texas Rules of Civil Procedure he is authorized
to "defend his rights therein, either in person or by an attorney of the
court."  The right of a party to
self-representation is not, however, absolute. 
See, e.g., Kunstoplast of Am. v.
Formosa Plastics Corp., USA, 937 S.W.2d 455, 456 (Tex. 1996) (holding that
a non-attorney may not appear pro se
on behalf of a corporation); Steele v.
McDonald, 202 S.W.3d 926, 928-29 (Tex.App.--Waco 2006, no pet.) (holding that a non-attorney may not appear pro se in his capacity as independent
executor of an estate).  Although we have
not been cited to, nor have we found, any Texas case directly dealing with the
issue of whether a non-lawyer can appear pro
se in court, in his capacity as a trustee of a trust, we believe the same
logic expressed in those opinions should apply to this situation. 

            First,
contrary to Relators' argument, the plain reading of Rule 7 does not suggest
that a non-lawyer can appear pro se,
in the capacity of trustee of a trust, because in that role he is appearing in
a representative capacity rather than in
propria persona.  Because of the
nature of trusts, the actions of the trustee affect the trust estate and
therefore affect the interests of the beneficiaries.  It follows that because a trustee acts in a representative
capacity on behalf of the trust's beneficiaries, he is not afforded the
personal right of self-representation. 

            Secondly,
the Texas Legislature has defined the practice of law to include, among other
things, "the preparation of pleadings or other documents incident to an
action or special proceeding or the management of the action or proceeding on
behalf of a client before a judge in court . . . ."  Consistent with that legislative mandate,
Relator's appearance in the trial court in his capacity as trustee falls within
this definition of the "practice of law."  Accordingly, if a non-attorney trustee
appears in court on behalf of the trust, he or she necessarily represents the
interests of others, which amounts to the unauthorized practice of law.  See Ziegler
v. Nickel (1998) 64 Cal.App.4th 545, 549 (holding that "[a]
nonattorney trustee who represents the trust in court is representing and
affecting the interest of the beneficiary and is thus engaged in the
unauthorized practice of law").  Therefore,
we conclude the trial court did not err in prohibiting the Relator, James Craig
Guetersloh, in his capacity as trustee of the 1984 Guetersloh Trust, from
appearing without legal representation.

II.  Trustee's
Right to Mandamus Relief

            The Real Parties in Interest contend
that, because James Craig Guetersloh, Trustee of the 1984 Guetersloh Trust,
does not have the authority to appear before the trial court pro se, that prohibition should likewise
bar this Court from considering his pleadings in this proceeding.  For the same reasons that he cannot appear pro se before the trial court in his
representative capacity, Mr. Guetersloh is likewise prohibited from appearing
before this Court in his capacity as trustee. 
Accordingly, we hereby strike Relator's petition to the extent that it
asserts claims in that capacity.  That does not, however, preclude us from
considering claims being asserted in his individual capacity.

III.  Individual
Right to Mandamus Relief

            Mandamus is an extraordinary remedy
available only in limited circumstances involving manifest and urgent necessity
and not for grievances that may be addressed by other remedies.  Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992).  To be entitled to relief, the relator must
demonstrate a clear abuse of discretion or the violation of a duty imposed by
law when there is no other adequate remedy at law.  See
Republican Party of Texas v. Dietz, 940 S.W.2d 86, 88
(Tex. 1997).  Additionally, relator must
satisfy three requirements, to-wit: (1) a legal duty to perform; (2) a demand
for performance; and (3) a refusal to act. 
Stoner v. Massey,
586 S.W.2d 843, 846 (Tex. 1979).

            When
a motion is properly pending before a trial court, the act of considering and
ruling upon it is ministerial.  Eli Lilly and Co. v.
Marshall, 829 S.W.2d 157, 158 (Tex. 1992).  However, the trial court has a reasonable
time within which to perform that ministerial duty.   Safety-Kleen Corp. v.
Garcia, 945 S.W.2d 268, 269 (Tex.App.-San
Antonio 1997, orig. proceeding).  Whether a reasonable period of time has
lapsed is dependent on the circumstances of each case.  Barnes v. State, 832 S.W.2d 424, 426 (Tex.App.--Houston [1st Dist.]
1992, orig. proceeding).

            Here,
we are not faced with a situation where the trial court has merely failed to
schedule a hearing on Relator's motion to transfer venue.  Instead, the trial court has affirmatively
informed Relator that it would not schedule a hearing on his motion until the trustee (a separate and distinct party) was
represented by legal counsel.  The
absence of legal counsel representing the trustee should not serve as an
impediment to Relator's right, in his individual capacity, to have his motion
heard.  Accordingly, we find that
Relator, James Craig Guetersloh, Individually, is entitled to mandamus relief.

Conclusion

            Having determined that
James Craig Guetersloh, Trustee of the 1984 Guetersloh Trust, cannot appear in
court pro se, we strike his petition
for writ of mandamus as it pertains to claims being asserted in that
capacity.  As it pertains to claims being
asserted by James Craig Guetersloh in his individual capacity, we conditionally
grant the writ of mandamus.  We are
confident the trial court will schedule a hearing on James Craig Guetersloh's
individual motion to transfer venue and we direct the Clerk of this Court to
issue the writ only in the event the trial court fails to schedule a hearing
within sixty days.

                                                                                                Per
Curiam











[1]A
beneficiary designated by name in the instrument creating the trust is a
necessary party in a suit under Section 115.001 of the Texas Property
Code.  Tex. Prop. Code Ann. § 115.011(b)(2) (Vernon 2007).

 





[2]Although
the Texas Trust Code does not expressly require the joinder of the trustee as a
necessary party in every suit pertaining to a trust, the trustee's presence is
required in any suit requiring an accounting by the trustee.  See Tex.
R. Civ. P. 39; Tex. Prop. Code Ann. §
115.001(a)(9) (Vernon 2007).