[No. B180104. Second Dist., Div. Six. Feb. 14, 2006.]

TAMI FINKBEINER, as Trustee, etc., Plaintiff and Appellant, v.
RICHARD A. GAVID et al., Defendants and Respondents.

1418

▮▮▮▮▮▮▮▮▮▮▮▮

## Counsel

Benni Hans Freund; Lascher & Lascher and Wendy Cole Lascher for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

## Opinion

**GILBERT, P. J.**—Here we hold a trustee of an inter vivos trust may appear in court in propria persona to modify and terminate the trust.

Tami Finkbeiner, successor trustee of the 1995 Pauline Gavid Trust (hereafter the trust) appeals the order denying her in propria persona petition to modify and terminate the trust. We conclude, among other things, that the court erred by ruling that Finkbeiner, as a trustee of the trust, had to be

represented by counsel when she appeared in court to terminate the trust. The court also erred by ruling the trust is irrevocable and that an accounting was not required, and it abused its discretion by denying Finkbeiner trustee's fees. We reverse.

## FACTS

In 1995, Pauline Gavid established an inter vivos trust. The major trust asset was her home in Simi Valley, California. She died in 1995. The trust provides that after her death, the trustee "shall, in the Trustee's reasonable discretion, . . . taking into consideration the[] existing market conditions and the educational needs of any of the beneficiaries . . . , liquidate all of the Settlor's remaining non-cash assets . . . ." After selling Gavid's house, the trustee was required to 1) distribute to Christine S. Diehl, Robin S. Gavid and Richard A. Gavid the sum of $5,000 apiece; 2) divide the remainder of the trust estate into shares for Gavid's grandchildren; 3) "distribute, for educational purposes only, up to two shares . . . to each of [her] then living grandchildren, as educational needs develop"; and 4) divide the remaining trust estate between the grandchildren when the last grandchild reached the age of 25.

### The Dispute and the Stipulation

Gavid's daughter, Robin, moved into the Simi Valley residence and petitioned to be appointed trustee. Diehl filed an objection, claiming 1) Robin was not qualified to be trustee; and 2) that she lives in the home which is the main trust asset, but "has not properly maintained" it. The court appointed a mediator. The parties resolved the dispute. Gavid's children stipulated that Finkbeiner be appointed trustee and could sell the home "pursuant to the terms of the Trust." The beneficiaries agreed to cooperate so Finkbeiner could "market the [home] for sale." The court approved the stipulation.

### Finkbeiner's New Plan and the Objection

Finkbeiner did not list the home for sale with a realtor. She decided to sell it to trust beneficiaries Robin Gavid and Donna Gavid, on behalf of child beneficiary Bryan Coe. Finkbeiner wrote to all beneficiaries asking for their approval. William Gavid, on behalf of his children, objected and beneficiary Laurel Pendleton did not respond. Finkbeiner proceeded with her plan and sold the property.

### The Petition

Finkbeiner filed an in propria persona petition as trustee in the superior court to modify and terminate the trust, for approval of her accounting and

for $4,500 in trustee's fees. She alleged trust termination was "in the best interest of the Trust and its beneficiaries . . . ." She said "the youngest grandchild will not reach the age of 25 for another 16 years" and "the Trust consists of only approximately $195,000 . . . ." She alleged, "When the value of a Trust Estate is relatively low, the court may determine that the cost of administering the Trust impairs its purpose and order . . . termination of the Trust." She proposed modifying the trust to allow immediate distribution of the assets to the parents of the child beneficiaries. She said the funds could be placed in court supervised "blocked accounts so . . . any sums withdrawn are used only for educational purposes . . . ."

She alleged the home was sold in 2004 for $300,000 and a 2003 probate referee appraisal said its value was $295,000. The petition's proof of service showed notice was sent to the parents of the child beneficiaries. Finkbeiner filed a supplemental petition. The verification did not say it was made under penalty of perjury. At the hearing no one appeared in opposition to her petition.

### The Court's Order

The court denied the petition. It ruled Finkbeiner could not appear as trustee without counsel because she was presenting "arguments on behalf of the beneficiaries." It said the trust "is now irrevocable" and it could not approve the sale of the house because Finkbeiner did not show that she obtained the "best price" for it. It noted that Finkbeiner "decided to sell the realty to certain relative-beneficiaries on the basis that a 'majority' of the parents . . . had approved th[e] sale." But she "ignored" William Gavid's objection. It ruled Finkbeiner did not give proper notice to the child beneficiaries and they needed guardians ad litem. It denied her request for trustee's fees, and ruled the accounting she filed was not necessary and her supplemental petition was not properly verified.

### DISCUSSION

### I. *Appearing as Trustee Without Counsel*

Finkbeiner contends the court erred by ruling that she could not appear as trustee to petition to modify and terminate the trust without being represented by counsel. We agree.

In ruling that Finkbeiner could not proceed without counsel, the trial court relied on *Ziegler v. Nickel* (1998) 64 Cal.App.4th 545, 549 [75 Cal.Rptr.2d 312]. There the Court of Appeal said "[a] nonattorney trustee who represents

the trust in court is representing and affecting the interests of the beneficiary and is thus engaged in the unauthorized practice of law. [Citation.]" (*Ibid.*)

But *Ziegler* is distinguishable. There a trustee of a trust brought an affirmative lawsuit against the sellers of a mobilehome. He alleged they had intentionally failed to disclose material defects to the trust about the vehicle. He was representing the trust and was not represented by counsel. The Court of Appeal affirmed the trial court's order requiring him to withdraw from the case and ordering him to "retain an attorney to represent the Trust." (*Ziegler v. Nickel, supra,* 64 Cal.App.4th at p. 547.)

Here by contrast Finkbeiner is not suing a third party. She filed the petition as part of her fiduciary responsibility to the court. Finkbeiner correctly notes that trustees have various statutory duties. She was appointed by the court for the purpose of selling the property. She had a duty to account for trust assets, a right to seek her fees and a responsibility to notify the court if she felt maintaining an ineffective trust was wasteful to the trust estate. By filing her petition to modify and terminate the trust, she was simply fulfilling her duties as trustee. (See Prob. Code, § 17200 et seq.) She was not engaged in the unauthorized practice of law.

## II. *Modifying and Terminating the Trust*

Finkbeiner claims that the court erred by ruling that the trust "is now irrevocable." We agree. The court has discretion to modify and terminate it. Probate Code section 15408, subdivision (a) provides, in relevant part: "[I]f the court determines that the fair market value of the principal of a trust has become so low in relation to the cost of administration that continuation of the trust under its existing terms will defeat or substantially impair the accomplishment of its purposes, the court may, in its discretion and in a manner that conforms as nearly as possible to the intention of the settlor, order any of the following: [¶] (1) Termination of the trust. [¶] (2) Modification of the trust."

Moreover, the summary denial of her petition was an abuse of discretion. The "court enjoys broad equitable powers over the trusts within its jurisdiction. [Citation.]" (*Hollaway v. Edwards* (1998) 68 Cal.App.4th 94, 99 [80 Cal.Rptr.2d 166].) Here Finkbeiner's petition demonstrated that the annual administrative cost of this trust was disproportionate to the size of the trust estate. She proposed a reasonable plan to modify the trust to distribute the trust estate into blocked accounts for the educational needs of the children. No one appeared in court to object to this plan or otherwise challenge her petition.

The trial court stated it had concerns about the sale price of the property and whether William's objection to the sale plan was properly considered by

Finkbeiner. Williams did not file a formal objection to the petition. Nor did he appear at the hearing. But instead of setting an evidentiary hearing on these issues, the court summarily denied her petition after oral argument. There was no evidence in the record to support the court's finding that the sale price was inadequate.

### III.  *Notice to the Children*

Finkbeiner contends the court erred by imposing hypertechnical notice requirements for the children, and by ruling that guardians ad litem had to be appointed for the child beneficiaries. We agree. Here the court ruled that notice of the proceedings was deficient because it had to be served on each minor child beneficiary. But it also found that Finkbeiner gave notice to the parents of each child. No parent appeared in court to contest notice or to challenge the merits of the petition. The court erred by ruling that guardians ad litem had to be appointed and by requiring additional notice.

### IV.  *Denying the Supplemental Petition*

Finkbeiner argues the court erred by denying her supplemental petition on the grounds that it was not properly verified. We agree. Her verification said, "I declare that the foregoing is true and correct and that this Supplement was executed on September 21, 2004 at Simi Valley, California." A verification must be made "under penalty of perjury." (Code Civ. Proc., § 2015.5.) Here this appears to be a clerical error. The court should have allowed her to amend her verification.

### V.  *Accounting*

Finkbeiner contends the court erred by stating, "This being a trust, not an estate, there is no reason for filing a final account." Probate Code section 16062 requires the trustee to "account at least annually" and "at the termination of the trust." The trial court had jurisdiction to consider the accounting.

### VI.  *Trustee's Fees*

Finkbeiner claims the court erred by denying her entire claim for trustee's fees. We agree. We review rulings on trustee's fees to determine whether the court abused its discretion. (*Estate of Beach* (1976) 15 Cal.3d 623, 645 [125 Cal.Rptr. 570, 542 P.2d 994]; Cal. Rules of Court, rule 7.703.) Here Finkbeiner, as a court appointed trustee, performed extraordinary services by

selling the home and filed an accounting as required by law. Her request for $4,500 in fees is more than reasonable.

The judgment is reversed and the matter is remanded to the trial court to review the accounting and to award reasonable trustee's fees. Costs to appellant.

Yegan, J., and Perren, J., concurred.

On February 27, 2006, the opinion was modified to read as printed above.