FYBEL, J., Concurring.
As the author of Hansen v. Hansen (2003) 114 Cal.App.4th 618 [7 Cal.Rptr.3d 688] (Hansen), I have a responsibility to write separately to emphasize the decision to permit Anthony Aulisio, Jr., as trustee of the CAAJ Leasing Trust (the CAAJ Trust), to appear in propria persona is narrowly limited to the asserted facts of this case and is consistent with Hansen and with Ziegler v. Nickel (1998) 64 Cal.App.4th 545 [75 Cal.Rptr.2d 312] (Ziegler) and City of Downey v. Johnson (1968) 263 Cal.App.2d 775 [69 Cal.Rptr. 830] (City of Downey). Hansen, Ziegler, and *1529 City of Downey were correctly decided and nothing in the majority opinion should be read as abrogating or limiting them in any way. As explained in the majority opinion and in my concurrence, Aulisio can be self-represented only because he claims to be the sole settlor, sole trustee, and sole beneficiary of a revocable trust.
Business and Professions Code section 6125, part of the State Bar Act, provides that “[n]o person shall practice law in California unless the person is an active member of the State Bar.” As Hansen explains, “[sjince the passage of the State Bar Act in 1927, persons may represent their own interests in legal proceedings, but may not represent the interests of another unless they are active members of the State Bar.” (Hansen, supra, 114 Cal.App.4th at p. 621.)
An ordinary express trust is not an entity separate from its trustees but rather is “ ‘a fiduciary relationship with respect to property.’ ” (Moeller v. Superior Court (1997) 16 Cal.4th 1124, 1132, fn. 3 [69 Cal.Rptr.2d 317, 947 P.2d 279].) “For that reason, the trustee, rather than the trust, is the real party in interest in litigation involving trust property.” (Ibid.) And, “[a] trustee must always act solely in the beneficiaries’ interest. [Citations.]” (Id. at p. 1134.) In Ziegler, supra, 64 Cal.App.4th at page 549, the Court of Appeal applied these principles to conclude, “[a] nonattomey trustee who represents the trust in court is representing and affecting the interests of the beneficiary and is thus engaged in the unauthorized practice of law. [Citation.]” Although the Ziegler opinion does not specifically state so, it appears the trustee in that case was not the sole settlor and the sole beneficiary of a revocable trust.
The record does not reveal much about the CAAJ Trust. Indeed, we do not even have a copy of the purported trust instrument. What we do know is based only on representations made by Aulisio on the first day of trial. He represented to the trial court, and the parties have accepted as true for purposes of the appeal, that the CAAJ Trust is a revocable living trust, and that Aulisio, who is a natural person, is its sole settlor, sole trustee, and sole beneficiary.
A trust is presumed to be revocable by the settlor unless the trust instrument expressly makes the trust irrevocable. (Prob. Code, § 15400.) “A revocable trust is a trust that the person who creates it, generally called the settlor, can revoke during the person’s lifetime. The beneficiaries’ interest in the trust is contingent only, and the settlor can eliminate that interest at any time. When the trustee of a revocable trust is someone other than the settlor, that trustee owes a fiduciary duty to the settlor, not to the beneficiaries, as long as the settlor is alive.” (Estate of Giraldin (2012) 55 Cal.4th 1058, 1062 [150 Cal.Rptr.3d 205, 290 P.3d 199], fn. omitted.) Unless the trust instrument *1530 states otherwise, the person having the power to revoke the trust, and not the beneficiary, has the rights afforded beneficiaries while the trust is revocable (Prob. Code, § 15800, subd. (a)), and “[t]he duties of the trustee are owed to the person holding the power to revoke” (id., § 15800, subd. (b)).
Those principles support the proposition that when, as in this case, the settlor, trustee, and beneficiary are the same natural person, and the settlor can revoke the trust at any time, the trustee litigating to defend the trust corpus is in effect representing his or her own interests. The trustee’s fiduciary duties are owed to the settlor, who is the same person as the trustee. In this very limited situation, the trustee may invoke the right of self-representation and appear and represent the trust in litigation affecting trust property.
I emphasize that if any one of those facts is different—i.e., the trustee was not the sole settlor or the sole beneficiary, there is more than one trustee, the trustee is not a natural person,[1] or the trust is not a revocable living trust—then the holding in this case would not be applicable. As the majority’s discussion of Ziegler and Estate of Giraldin, supra, 55 Cal.4th 1058, correctly recognizes, “if Aulisio were not the settlor, but only the trustee and sole beneficiary of a revocable trust settled by someone else, he could not purport to litigate trust matters in propria persona because the interests at stake in protecting the trust corpus would belong to the settlor, not Aulisio.” (Maj. opn., ante, at p. 1525.)
If the evidence presented after remand shows the facts regarding the CAAJ Trust are different from those represented by Aulisio, the majority and concurring opinions do not preclude the trial court from considering again whether Aulisio, as trustee, can represent the CAAJ Trust in propria persona without violating the rule against nonlawyers representing the interests of others.
The decision in this matter is consistent with Ziegler, Hansen, and City of Downey. As noted, Ziegler did not expressly state whether the trust in that case was revocable and whether the trustee was the sole settlor and the sole beneficiary. Hansen and City of Downey concerned executors of decedents’ estates, and not trustees of revocable trusts. Hansen held, “[a] person who is unlicensed to practice law and who represents a decedent’s estate cannot appear in propria persona on behalf of the estate in matters outside the probate proceedings.” (Hansen, supra, 114 Cal.App.4th at p. 621.) In so holding, Hansen confirmed the principle announced in City of Downey, supra, *1531 263 Cal.App.2d at page 779, that “in absence of statutory authorization, neither an executor, administrator, nor a guardian may appear except through a licensed attorney in proceedings involving matters other than his personal rights as such a representative.” (Fn. omitted.) In City of Downey, Judge Aiso (sitting by assignment), joined by Presiding Justice Kaus and Justice Hufstedler, held a nonlawyer representing a decedent’s estate as conservator and executor of a decedent’s estate who was not a licensed attorney could not appear in propria persona on behalf of the estate in litigation affecting estate property.[2] (City of Downey, supra, at pp. 779-780.)
Considering the lack of California authority dealing precisely with the issue presented in this case, the trial court understandably relied on Hansen and City of Downey. Those decisions, and Ziegler, though distinguishable from this matter, were correctly decided, and nothing in the majority opinion can or should be read to limit or abrogate them.
Finally, I concur in the portion of the majority opinion affirming the judgment against Aulisio in his personal capacity.

 “ ‘A corporation cannot represent itself in court, either in propria persona or through an officer or agent who is not an attorney.’ ” (Merco Constr. Engineers, Inc. v. Municipal Court (1978) 21 Cal.3d 724, 729 [147 Cal.Rptr. 631, 581 P.2d 636].)

 Hansen left open the issue whether the personal representative of a decedent’s estate may represent herself in propria persona in litigating a petition in the probate proceedings. (Hansen, supra, 114 Cal.App.4th at p. 622.) Both Hansen and City of Downey expressly left open the issue whether the executor of a decedent’s estate can appear in propria persona in probate proceedings affecting rights personal to the executor. (Hansen, supra, at p. 622; City of Downey, supra, 263 Cal.App.2d at p. 780.) The opinion in this matter does not address those issues either.