Filed 3/13/23  Rosen & Associates, P.C. v. Meruelo CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| ROSEN & ASSOCIATES, P.C., | B311652 |
| Plaintiff and Respondent, | |
| v. | (Los Angeles County Super. Ct. Nos. 19STCP03171; 19STCP04198) |
| RICHARD MERUELO et al., | |
| Defendants and Appellants. | |

APPEALS from a judgment and an order of the Superior Court of Los Angeles County, Holly J. Fujie, Judge.  Affirmed.

Peter D. Gordon & Associates and Peter D. Gordon for Defendants and Appellants.

Rosen & Associates, Robert C. Rosen, John B. Wallace, and David Bleistein for Plaintiff and Respondent.

_____

Richard Meruelo (Meruelo), individually and as trustee of the Richard Meruelo Living Trust (Meruelo Trust), appeals from a judgment confirming an arbitration award in favor of Rosen & Associates, P.C. (Rosen), arising from the parties' legal fee disputes. Meruelo contends the trial court was required to vacate the award because Rosen and the arbitrator allowed Meruelo, a nonattorney trustee, to engage in the unauthorized practice of law by representing the Meruelo Trust during the arbitration. Meruelo argues the arbitrator therefore exceeded his powers and the arbitration award was procured by Rosen's fraud. Meruelo also appeals from a postjudgment order awarding Rosen attorneys' fees and costs. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *The Engagement Agreements*

On May 30, 2012, August 24, 2012, and August 28, 2013 Meruelo and Rosen (through attorney Robert Rosen) signed a total of four attorney-client engagement agreements containing identical arbitration provisions (and substantially the same attorneys' fees provisions). Meruelo signed one of the May 30, 2012 arbitration agreements on behalf of himself and the Meruelo Trust; the other agreements were signed on behalf of Meruelo individually as the client. Under the agreements, the parties agreed to arbitrate all disputes involving Rosen's provision of legal services, including disputes over attorneys' fees, with Meruelo having the right to elect the fee arbitration procedures of the State Bar of California (Bus. & Prof. Code, § 6200 et seq.).

2

The 2012 engagement agreements also stated, "In the event that an arbitration or lawsuit arises with respect to your obligation to pay legal fees and/or costs under this Agreement, the prevailing party shall be entitled to collect reasonable attorneys' fees and costs incurred in the course of such proceeding including filing fees and arbitration forum fees and other fees. Such attorneys' fees and costs shall also include any and all fees and costs billed or incurred by attorneys of the Firm in representing the Firm or attorneys of the Firm. California Law may preclude the Firm from obtaining legal fees and costs in representing itself. With this knowledge and with our advising you to seek separate and independent counsel regarding this, you waive the opportunity to assert such preclusion." The 2013 agreement contained a slightly modified attorneys' fees provision.

B.      *The Arbitration and Arbitration Award*

In 2017 Rosen filed a demand for arbitration with the American Arbitration Association, served on Meruelo, claiming Meruelo and the Meruelo Trust owed it approximately $470,000 in unpaid legal fees, plus interest and attorneys' fees and costs for the arbitration. During the arbitration Rosen updated its claim, ultimately seeking approximately $730,000. Meruelo and the Meruelo Trust asserted, among other defenses, Meruelo had filed for arbitration with the Los Angeles County Bar Association; the fee dispute had been settled in 2015 and Rosen was paid all the fees it was owed; Rosen's bills had errors; Rosen charged a usurious interest rate; Rosen had a conflict of interest; and Rosen did not provide competent services.

The parties arbitrated their legal fee disputes before arbitrator Peter K. Rundle over five days in November and

December 2018. During the evidentiary hearing, the arbitrator heard testimony from Meruelo, Rosen attorneys John Wallace and Robert Rosen, and two attorneys who had previously represented Meruelo and his affiliated businesses (Gregory Salvato and Aimee Dominguez). Neither side called any experts. Following post-hearing briefing and closing arguments, the arbitrator took the matter under submission.

On June 26, 2019 the arbitrator issued a 39-page arbitration award in favor of Rosen. The award noted that in the arbitration Meruelo had represented his own interests and those of the Meruelo Trust "in pro per." (Italics omitted.) The arbitrator found Meruelo was "a sophisticated and highly-successful real estate developer" who co-founded Meruelo-Maddux Properties, Inc. (MMPI). When that company went public, Meruelo obtained a bank loan to purchase stock in the new public company. The note was secured by a lien against Meruelo's MMPI stock. Subsequently, 1248 Figueroa Street, LLC (Figueroa Street), an entity wholly owned by Meruelo's mother (with Meruelo as its managing member), purchased the note from the bank. MMPI subsequently changed its name to EVOQ Properties, with Meruelo as chief executive officer. EVOQ later filed for bankruptcy. As part of the reorganization of the company, a group of new shareholders ousted Meruelo from his position as chief executive officer and proposed a reorganization plan that included a forced sale of some of Meruelo's stock. EVOQ asserted claims in the bankruptcy proceeding against Meruelo for fraud and other wrongdoing. Salvato, and later, Dominguez, represented Figueroa Street in the bankruptcy proceeding. At some point, Rosen represented Meruelo and the Meruelo Trust in the bankruptcy proceeding.

4

The arbitrator found Rosen established the existence of contracts (the engagement agreements) between Rosen and Meruelo, individually and as trustee of the Meruelo Trust; Rosen performed services under the engagement agreements; Rosen established claims against Meruelo and the Meruelo Trust based on quantum meruit and account stated; and Meruelo and the Meruelo Trust's defenses lacked merit. Rosen sought legal fees in connection with his (1) defense of Meruelo with respect to EVOQ's claims for fraud and wrongdoing; (2) defense of Meruelo and the Meruelo Trust in connection with litigation over repayment of the bank loan; (3) litigation over the price of Meruelo's MMPI shares he was forced to sell as part of the bankruptcy reorganization; (4) Meruelo's claims against EVOQ for indemnity; and (5) other legal work for Meruelo.

The arbitrator ordered Meruelo to pay Rosen a total of $667,414 for unpaid legal fees, interest, and attorneys' fees and costs. The arbitrator also ordered Meruelo, individually and as trustee of the Meruelo Trust, jointly and severally, to pay Rosen $705,427 for unpaid legal fees, interest, and attorneys' fees and costs. Further, the arbitrator ordered Meruelo, individually and as trustee of the Meruelo Trust, jointly and severally, to bear the costs of the American Arbitration Association's administrative fees of $8,900 and $48,480 in arbitrator compensation.

C.    *The Competing Petitions*

On July 26, 2019 Rosen filed a petition to confirm the arbitration award. On September 27, 2019 Meruelo, individually and as trustee of the Meruelo Trust, and Merco Group-Roosevelt Building, LLC (Merco), an entity managed and partly owned by

5

Meruelo (collectively, the Meruelo defendants),[1] filed a petition to vacate the arbitration award. On January 28, 2020 the trial court consolidated the two cases pursuant to the parties' stipulation.

The Meruelo defendants opposed the petition to confirm the arbitration award and argued the award should be vacated. They asserted there were conflicts among Meruelo, the Meruelo Trust, Merco, and Figueroa Street, but Rosen did not obtain conflict waivers. Further, Rosen knew Meruelo, in his capacity as trustee, could not represent the Meruelo Trust. The Meruelo defendants explained that during the bankruptcy proceeding in 2012, a party had moved to strike Meruelo's answer (as trustee of the Meruelo Trust) by arguing California and federal law prohibited Meruelo, a nonattorney trustee, from representing the Meruelo Trust. Meruelo likewise could not represent Merco because it was a limited liability corporation that must be represented by legal counsel in the arbitration. Therefore, Meruelo engaged in the unauthorized practice of law by representing the Meruelo Trust and Merco.

The Meruelo defendants claimed neither Rosen nor the arbitrator advised Meruelo that he could not represent the Meruelo Trust and Merco in the arbitration. Even if the arbitrator "'unwittingly'" allowed Meruelo to represent the Meruelo Trust and Merco, the arbitrator "lacked legal authority over the unrepresented entities." Therefore, the arbitrator

---

[1]     Although Merco joined in the petition to vacate the arbitration award, the arbitrator noted in the arbitration award that Merco was identified as a respondent but was not a party to any of the four engagement agreements, and no evidence was presented with respect to a claim against Merco.

should have dismissed the Meruelo Trust and Merco or found they had defaulted.

In his supporting declaration, Meruelo stated Rosen did not discuss with him any conflicts of interest between Meruelo as an individual and the Meruelo Trust, or between Meruelo and Merco. Further, Meruelo did not sign any conflict-of-interest waivers among the parties. Meruelo also declared no Rosen attorney had asked him about the beneficiaries of the Meruelo Trust or for a copy of the June 10, 1999 restatement of trust, which Meruelo signed with his wife, Maria Meruelo (Maria), as co-settlors of the Meruelo Trust. Meruelo averred the 1999 restatement "established new trust provisions for the benefit of [Meruelo and Maria's] two young sons, Stephen and Anthony." Meruelo attached excerpts of the 1989 Meruelo Trust document and 1999 restatement, although neither document contains the purported beneficiary designations for Stephen and Anthony. Meruelo claimed in his declaration that his interest was adverse to the interests of his adult sons. Further, his interest was adverse to Maria's interest because on July 12, 2018 (four months before the arbitration hearing), Maria filed for dissolution of marriage seeking a division of community property, including all trust assets.

Meruelo also submitted a declaration from Dominguez, in which she stated she assisted Meruelo on the first day of the arbitration by carrying his voluminous exhibit binders. However, Dominguez was only "a witness and not counsel" at the arbitration hearing. Dominguez averred the arbitrator excluded her from the arbitration proceedings and she "was only invited back for [her] own testimony as a percipient witness." She watched Salvato's testimony and the closing arguments as "a

7

spectator." Dominguez did not provide any advocacy and "did not appear on behalf of or represent any party" in the arbitration.

D. *The Trial Court Ruling*

On August 20, 2020 the trial court held a hearing on the petitions and took the matter under submission. Following the hearing, the court issued an order denying the Meruelo defendants' petition to vacate and granting Rosen's petition to confirm the arbitration award. The court sustained Rosen's evidentiary objections to most of Meruelo's declaration and accompanying exhibits. Specifically, the court sustained Rosen's objections to the paragraphs in Meruelo's declaration stating Maria was a co-settler and their sons were beneficiaries of the Meruelo Trust (objection nos. 52, 53, and 56) on the basis, among others, the information was not in the arbitration record. The court likewise sustained objections to the 1989 Trust document, 1999 restatement of trust, Maria's dissolution of marriage petition, and the 2012 bankruptcy court motion as outside the arbitration record and incomplete copies (objection nos. 83, 84, 85, 88). Meruelo does not challenge the trial court's evidentiary rulings on appeal.

The court found Merco lacked standing to contest the arbitration award because the award did not include Merco. As to Meruelo's assertion the arbitration award should be vacated because he engaged in the authorized practice of law on behalf of the Meruelo Trust, the court found "this constitutes a mistake of fact," and "mistakes of fact are not grounds for review or vacating on an arbitration award." The court also found "Meruelo's declaration in support of the petition makes no explicit statement

8

with respect to prejudice." Further, the arbitration award did not violate any California express public policy.

The trial court rejected Meruelo's argument the arbitration award should be vacated because Meruelo did not sign conflict waivers, explaining the arbitrator determined "that the parties entered into an agreement waiving a potential conflict of interest between Meruelo as an individual and as trustee of the Trust" and "the interests of Meruelo as an individual or as trustee of the Trust were not adverse or even directly adverse." The court ruled the arbitrator's finding on the conflicts issue was "res judicata,"[2] and "the presence of a conflict of interest between the parties is not a ground for vacating an arbitration award." The court corrected the award amount, confirmed the arbitration award, and granted Rosen's request for post-award interest of $143,278.

On October 2, 2020 the trial court entered judgment in favor of Rosen and against Meruelo in the amount of $1,556,698, comprised of the arbitration award for $1,413,420,[3] plus post-award prejudgment interest of $143,278. The judgment ordered Meruelo to pay 10 percent annual postjudgment interest and any

_____

[2] Courts have sometimes "used 'res judicata' as an umbrella term encompassing both claim preclusion and issue preclusion, which" are "two separate 'aspects' of an overarching doctrine." (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 823; accord, *Parkford Owners for a Better Community v. Windeshausen* (2022) 81 Cal.App.5th 216, 225.) Neither claim preclusion nor issue preclusion is at issue on appeal.

[3] The trial court determined the arbitration award against Meruelo and the Meruelo Trust totaled $36 more than the specific amounts the arbitrator had ordered, so the court corrected the award in favor of Rosen to reflect $1,413,420, plus post-award interest.

9

attorneys' fees and costs that Rosen would incur in the future to enforce the judgment.[4]

Meruelo, individually and as trustee of the Meruelo Trust, timely appealed from the judgment (B311652).[5]  Meruelo, individually and as trustee of the Meruelo Trust, separately appealed from the March 1, 2021 order awarding Rosen $354,495.50 in attorneys' fees for work on the petitions (B312966).  On August 26, 2021 we granted the parties' motion to consolidate the two appeals under case number B311652.

However, because Meruelo does not argue that the trial court erred in confirming the arbitration award against him as an individual, nor does Meruelo, individually and as trustee of the Meruelo Trust, challenge the March 1, 2021 award of attorney's fees in his appellate briefs, Meruelo and the Meruelo Trust have forfeited or abandoned the issues.  (See *Tiernan v. Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 216, fn. 4 [issue not raised on appeal "deemed waived"]; *Swain v.*

---

[4]    In his opening brief Meruelo refers to a May 10, 2021 first amended judgment, noting "[t]here was no substantive change to the Judgment."  We do not consider the referenced first amended judgment because it was entered after Meruelo filed his notice of appeal, and it therefore is not part of the appellate record (and the trial court did not have jurisdiction to modify the judgment once it was appealed).

[5]    Although Merco is listed as an appellant in the appellate briefs filed by Meruelo and the Meruelo Trust, Merco is not listed as a party on the notice of appeal, nor does the judgment appealed from name Merco.  We therefore do not address the argument in the opening brief that the arbitrator exceeded his powers by allowing Meruelo to represent Merco in the arbitration.

*LaserAway Medical Group, Inc.* (2020) 57 Cal.App.5th 59, 72 ["""Issues not raised in an appellant's brief are [forfeited] or abandoned.""""]; *Eck v. City of Los Angeles* (2019) 41 Cal.App.5th 141, 146 [appellant forfeited or abandoned challenge to order denying intervention by not addressing order in her appellate briefs].)  We therefore consider only Meruelo's arguments that the arbitration award must be vacated as to the Meruelo Trust.

## DISCUSSION

A.     *Governing Law and Standard of Review*

"'Because the decision to arbitrate grievances evinces the parties' intent to bypass the judicial system and thus avoid potential delays at the trial and appellate levels, arbitral finality is a core component of the parties' agreement to submit to arbitration.' [Citation.]  Generally, courts cannot review arbitration awards for errors of fact or law, even when those errors appear on the face of the award or cause substantial injustice to the parties." (*Richey v. AutoNation, Inc.* (2015) 60 Cal.4th 909, 916 (*Richey*); accord, *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 10-11.)

The California Arbitration Act (Code Civ. Proc., § 1280 et seq.)[6] provides limited bases for judicial review of an arbitration award.  (*Richey, supra*, 60 Cal.4th at p. 916; *Sargon Enterprises, Inc. v. Browne George Ross LLP* (2017) 15 Cal.App.5th 749, 763.)  Section 1286.2, subdivision (a), authorizes a court "to vacate an

---

[6]     Further undesignated statutory references are to the Code of Civil Procedure.

11

award if it was (1) procured by corruption, fraud, or undue means; (2) issued by a corrupt arbitrator; (3) affected by prejudicial misconduct on the part of the arbitrator; or (4) in excess of the arbitrator's powers." (*Richey*, at p. 916; accord, *Cohen v. TNP 2008 Participating Notes Program, LLC* (2019) 31 Cal.App.5th 840, 868 (*Cohen*).)

"Arbitrators may exceed their powers when they act in a manner not authorized by the contract or by law, act without subject matter jurisdiction, decide an issue that was not submitted to arbitration, arbitrarily remake the contract, uphold an illegal contract, issue an award that violates a well-defined public policy, issue an award that violates a statutory right, fashion a remedy that is not rationally related to the contract, or select a remedy not authorized by law." (*Cohen, supra*, 31 Cal.App.5th at p. 868; accord, *Sheppard, Mullin, Richter & Hampton, LLP v. J-M Manufacturing Co., Inc.* (2018) 6 Cal.5th 59, 72, 87 [arbitrator exceeded authority in awarding contractual fees because law firm's ethical breach rendered the engagement letter unenforceable as against public policy]; *Richey, supra*, 60 Cal.4th at p. 916 ["Arbitrators may exceed their powers by issuing an award that violates a party's unwaivable statutory rights or that contravenes an explicit legislative expression of public policy."]; *Advanced Micro Devices, Inc. v. Intel Corp.* (1994) 9 Cal.4th 363, 375 ["Unless the parties 'have conferred upon the arbiter the unusual power of determining his own jurisdiction' [citation], the courts retain the ultimate authority to overturn awards as beyond the arbitrator's powers, whether for an unauthorized remedy or decision on an unsubmitted issue."].) However, "'[a]rbitrators do not ordinarily exceed their contractually created powers simply by reaching an

12

erroneous conclusion on a contested issue of law or fact, and arbitral awards may not ordinarily be vacated because of such error because "'[t]he arbitrator's resolution of these issues is what the parties bargained for in the arbitration agreement.'"" (*Cable Connection, Inc. v. DIRECTV, Inc.* (2008) 44 Cal.4th 1334, 1360-1361; see *Richey,* at p. 917.)

"'"'On appeal from an order confirming an arbitration award, we review the trial court's order (not the arbitration award) under a de novo standard. [Citations.] To the extent that the trial court's ruling rests upon a determination of disputed factual issues, we apply the substantial evidence test to those issues.'"" (*Roussos v. Roussos* (2021) 60 Cal.App.5th 962, 973; accord, *Haworth v. Superior Court* (2010) 50 Cal.4th 372, 383; *California Union Square L.P. v. Saks & Co. LLC* (2020) 50 Cal.App.5th 340, 349 ["We review de novo the question whether the arbitrator 'exceeded his powers,' but we must give 'substantial deference to the arbitrator['s] own assessments of [his] contractual authority.'"]; *Cohen, supra*, 31 Cal.App.5th at p. 869.) We review a trial court's ruling, not its reasoning, and may affirm a ruling on any ground supported by the record. (*Sviridov v. City of San Diego* (2017) 14 Cal.App.5th 514, 519; *Lunada Biomedical v. Nunez* (2014) 230 Cal.App.4th 459, 479.)

B.   *The Trial Court Properly Confirmed the Arbitration Award*

Meruelo contends the trial court erred in confirming the arbitration award because the arbitrator exceeded his powers when he allowed Meruelo, a nonattorney trustee, to represent the Meruelo Trust in the arbitration. Meruelo also contends the arbitration award was procured by fraud because Rosen had actual notice that Meruelo could not represent the Meruelo Trust

13

given that in 2012 a party in the bankruptcy proceeding had moved to strike Meruelo's answer as trustee of the Meruelo Trust on this ground.  Neither contention has merit.

Business and Professions Code section 6125 provides, "No person shall practice law in California unless the person is an active licensee of the State Bar."  In nonprobate actions, a nonattorney trustee generally cannot represent the trust because he or she "is representing and affecting the interests of the beneficiary and is thus engaged in the unauthorized practice of law." (*Ziegler v. Nickel* (1998) 64 Cal.App.4th 545, 549; accord, *Aulisio v. Bancroft* (2014) 230 Cal.App.4th 1516, 1524 ["*Ziegler* articulates a general rule that nonattorneys who purport to conduct litigation on behalf of others violate the prohibition against the unauthorized practice of law."]  However, where the nonattorney trustee "is also the sole settlor and trust beneficiary, the rationale underlying the prohibition on a trustee's in propria persona representation does not apply.  Simply put, a trustee litigating on behalf of a trust in which he as the settlor has designated himself the sole beneficiary is not representing the interests of others.  The interest he represents is his own." (*Aulisio*, at p. 1524; accord, *Boshernitsan v. Bach* (2021) 61 Cal.App.5th 883, 894.)

Meruelo argues the arbitrator permitted him to engage in the unauthorized practice of law by allowing him to represent the Meruelo Trust in the arbitration even though his wife Maria was a co-settlor and his two adult sons were beneficiaries of the Meruelo Trust.  But the trial court sustained Rosen's evidentiary objections to Meruelo's averments that Maria was a co-settler and his sons were beneficiaries of the 1999 restatement of trust, as well as to Rosen's objections regarding the 1989 Meruelo Trust

14

document, the 1999 restatement, and the motion filed in the bankruptcy proceeding that Meruelo claimed placed Rosen on notice of the co-settler and beneficiaries. Meruelo does not on appeal challenge the court's evidentiary rulings, thereby forfeiting any challenge to the correctness of the rulings. (*Villanueva v. City of Colton* (2008) 160 Cal.App.4th 1188, 1197; *Roe v. McDonald's Corp.* (2005) 129 Cal.App.4th 1107, 1114.)

     Nothing else in the record shows whether the Meruelo Trust had a co-settlor or beneficiaries. Therefore, Meruelo has failed to meet his burden to show the arbitrator exceeded his powers by allowing Meruelo to engage in the unauthorized practice of law in violation of public policy.[7] (*Royal Alliance Associates, Inc. v. Liebhaber* (2016) 2 Cal.App.5th 1092, 1106 ["The party seeking to vacate an arbitration award bears the

---

[7] Because Meruelo has not met his burden to show he improperly represented the Meruelo Trust because of the existence of other settlers or beneficiaries, we do not reach whether the unauthorized practice of law by a trustee requires vacatur of an arbitration award. In *Russell v. Dopp* (1995) 36 Cal.App.4th 765, 780, relied on by Meruelo, the Court of Appeal reversed a judgment against the defendant entered after a jury trial where the defendant was unaware her attorney was not authorized to practice law, and the defendant was prejudiced as a result. Meruelo has not presented any authority supporting his argument that *Russell* applies to support vacatur of an arbitration award. We likewise do not reach Rosen's argument that principles of waiver and estoppel preclude Meruelo from arguing Rosen or the arbitrator should have advised Meruelo he could not represent the Meruelo Trust given that Meruelo was aware of the motion filed in the bankruptcy proceeding that he claimed placed Rosen on notice that Meruelo could not represent the Meruelo Trust.

burden of establishing that one of the six grounds listed in section 1286.2 applies and that the party was prejudiced by the arbitrator's error."]; see *Comerica Bank v. Howsam* (2012) 208 Cal.App.4th 790, 826.)  The trial court did not err in finding the arbitrator did not exceed his powers in awarding contractual legal fees to Rosen.

Meruelo also contends the arbitration award must be vacated because it was procured by fraud.  Section 1286.2, subdivision (a), requires a court to vacate an arbitration award procured by fraud "perpetrated by either the arbitrator or a party involved." (*Pacific Crown Distributors v. Brotherhood of Teamsters* (1986) 183 Cal.App.3d 1138, 1146-1147.)  "Not every incidence of fraud will be allowed a remedy; vacation of an award will lie only for occurrences of 'extrinsic' fraud and not for 'intrinsic' fraud'.  'Extrinsic' fraud is that conduct which 'results in depriving either of the parties of a fair and impartial hearing to their substantial prejudice.'" (*Id.* at p. 1147, fn. omitted; accord, *Baker Marquart LLP v. Kantor* (2018) 22 Cal.App.5th 729, 803.)  The focus "'is upon whether the protesting party had an opportunity to discover and reveal the purported fraud *at the arbitration hearing.*'" (*Pacific Crown Distributors*, at p. 1148; accord, *Pour Le Bebe, Inc. v. Guess? Inc.* (2003) 112 Cal.App.4th 810, 832.)

Meruelo argues Rosen had actual notice that Meruelo, as a nonattorney trustee, could not represent the Meruelo Trust because in 2012 a party in the bankruptcy proceeding moved to strike Meruelo's answer as trustee of the Meruelo Trust on this ground.  However, as discussed, Meruelo has forfeited his challenge to the trial court's evidentiary rulings sustaining Rosen's objections to Meruelo's statements in his declaration

16

describing the trust and the motion filed in the bankruptcy proceeding, as well as Rosen's objections to the trust documents and bankruptcy motion. Further, Meruelo presented no evidence that Rosen knew Maria was a co-settler and Meruelo's adult sons were beneficiaries of the Meruelo Trust. And significantly, even if Meruelo was not authorized to represent the Meruelo Trust, Meruelo cites no authority for his assertion Rosen had a duty to inform the arbitrator of this fact, or that the failure to do so constituted fraud.

## DISPOSITION

The judgment confirming the arbitration award and order granting Rosen attorneys' fees and costs are affirmed. Rosen & Associates, P.C., is entitled to recover its costs on appeal.

FEUER, J.

We concur:

PERLUSS, P. J.

SEGAL, J.

17