[No. 9986. Department One.—August 27, 1885.]

IN THE MATTER OF THE ESCHEATED ESTATE OF JOHN GUILFORD, DECEASED. ANNE LYONS ET AL., RESPONDENTS, v. THE STATE OF CALIFORNIA, APPELLANT.

ALIEN—INHERITANCE—STATUTORY PROVISION—CONSTITUTIONAL LAW.—Under section 671 of the Civil Code, a non-resident alien may inherit property in this State, and there is nothing in the Constitution to the contrary.

ID.—HOW PROPERTY CLAIMED—PERSONAL APPEARANCE OF ALIEN.—In order to obtain the property it is not necessary that the alien should appear in person and claim it; he may act through an attorney.

ID.—PROPERTY VESTS IN HEIRS.—The property of a person dying intestate, leaving non-resident alien heirs, vests in them and not in the State, subject to be divested if they fail to appear and claim it within the time and in the manner provided by statute.

. APPEAL from a judgment of the Superior Court of Sacramento County.

The facts are stated in the opinion.

*Attorney-General Marshall*, and *S. P. Scaniker*, for Appellant.

Under section 17, article i. of the Constitution, an alien must be a *bona fide* resident to be an heir and successor.   The petitioners never having been in California, cannot inherit property here. (Civ. Code, § 671 ; *Spratt* v. *Spratt*, 1 Peters, 343.)

*Henry Perry*, for Respondents.

The petitioners are aliens, and as such entitled to take by succession although they are non-residents.   (*People* v. *Rogers*, 13 Cal. 159 ; *Estate of Billings*, 64 Cal. 427)

BELCHER,· C. C.—John Guilford, a resident of Alameda County, died in that county intestate in December, 1876, leaving real and personal property, but no heirs in this State.   The public administrator of the county was appointed administrator of the estate and took possession of all its property.

In 1879, the attorney-general in pursuance of the provisions of section 1269 of the Code of Civil Procedure, filed an information on behalf of the State in the proper District Court, in which he set forth all the facts required by that section and prayed for a judgment of the court that the State be seized of the property of the estate.

Summons was issued on the information and served on the administrator of the estate and the county treasurer of Alameda County, and an order was made and published as required by law.

The administrator and county treasurer appeared and filed answers admitting all the allegations of the information to be true.   No one else appeared, and thereupon judgment was rendered that the State be seized of the lands and tenements in the information claimed.   This ·proceeding was commenced in the Superior Court of Sacramento County, under the provisions of section 1272 of the Code of Civil Procedure.   In their petition the petitioners described themselves as all residents of the county

of Dublin, Ireland, and allege that they are the heirs at law, and
only heirs of John Guilford, deceased, and that they had no notice,
actual or constructive, of the proceedings under the information.
The petition was signed by the petitioners by their attorney in
fact and attorney at law, and was served on the attorney-general,
who appeared and answered thereto by a general denial.   The
case was tried by the court, and judgment rendered in favor of
the petitioners.   From that judgment this appeal is taken.

It is now claimed on behalf of the State that the judgment
was wrong and should be reversed because the petitioners were
residents of Ireland, and therefore were not permitted under our
Constitution and laws to take property by succession.   Section
671 of the Civil Code provides that "any person, whether citizen
or alien, may take, hold, and dispose of property, real or personal,
within this State," but it is insisted that the petitioners were
neither citizens nor aliens, and therefore not within its provisions.
The word "alien," it is said, means a person who was born in
another country and has come to this country, and is here resid-
ing either permanently or temporarily; in the one case being a
resident alien, and in the other a non-resident alien.

This position cannot be maintained.   According to Webster
the word "alien" means "a foreigner, one born in or belonging
to another country. . . . . In American law, one born out of
the jurisdiction of the United States and not naturalized," and
the word "foreigner," "a person belonging to a foreign country,
or without the country or jurisdiction under consideration."

In *Dawson's Lessee* v. *Godfrey*, 4 Cranch, 321, it was held
that a person who was born in England and always resided there
and was never in the United States, was an alien.   (See also *Jones
et al.* v. *McMasters*, 20 How. 8.)

It is next claimed that under section 17 of article i. of the
Constitution of the State, only those foreigners who are *bona fide*
residents of this State can inherit property here, and that all the
provisions of the Codes which give the right to inherit to foreign-
ers who are not *bona fide* residents, are inconsistent with the pro-
visions of that section, and are repealed by section 1 of article
xxii. of the Constitution.

A sufficient answer to this is found in the fact that in
two well-considered cases this court has held otherwise, and we

are satisfied with those decisions. (*People* v. *Rogers,* 13 Cal. 159; *Estate of Billings,* 64 Cal. 427. See also *Purezell* v. *Smidt,* 21 Iowa, 540.)

It is also earnestly insisted that no non-resident alien can take property in this State by succession unless he comes here in person to claim the same, and that the petitioners failed to do that, and therefore their judgment must be reversed.

The Civil Code provides as follows : " Section 672. If a non-resident alien takes by succession, he must appear and claim the property within five years from the time of succession or be barred. The property in such case is disposed of as provided in title 8, part 3, of the Code of Civil Procedure."

" Section 1404. Resident aliens may take in all cases by succession as citizens; and no person capable of succeeding under the provisions of this title is precluded from such succession by reason of the alienage of any relative; but no non-resident foreigner can take by succession unless he appears and claims such succession within five years after the death of the decedent to whom he claims succession."

Title 8, part 3, of the Code of Civil Procedure relates to escheated estates, and section 1272 provides: " Within twenty years after judgment, in any proceeding had under this title, a person not a party or privy to such proceeding may file a petition in the Superior Court of the county of Sacramento, showing his claim or right to the property or the proceeds thereof. . . . . All persons who fail to appear and file their petitions within the time limited are forever barred ; saving, however, to infants, married women, and persons of unsound mind, or persons beyond the limits of the United States, the right to appear and file their petitions at any time within the time limited, or five years after their respective disabilities cease."

There is nothing in the record to show that this point was made in the court below, or that the petitioners did not appear in person, except the fact that they describe themselves in their petition as "all residing in the county of Dublin, Ireland," and the further fact that the petition is signed by their attorney in fact and attorney at law.

But assuming that they did not come to this State in person to file their petition and claim the property, was it necessary that they should?

We do not think it was. The general rule is that parties, whether plaintiff or defendant, resident or non-resident, may appear in court to claim their supposed rights either in person or by attorney. The plaintiff appears when he files his complaint subscribed by himself or his attorney. The defendant appears when he answers, demurs, or gives the plaintiff written notice of his appearance, or when an attorney gives notice of appearance for him. Either party may appear in an action though he be not and never was in this State. Why should the word "appear," as used in the above quoted sections of the Codes, have any other or different meaning than that ordinarily given to it? We cannot doubt that if the legislature had intended to say that no non-resident alien could claim any property in this State by succession unless he came here in person to make his claim, it would have used other language, showing clearly its meaning.

The last point made is that under section 4 of article ix. of the Constitution, upon the death of Guilford all his property vested *eo instanti* and absolutely in the State for the benefit of the school fund, and that it cannot be taken therefrom.

That section provides that "all estates of deceased persons who may have died without leaving a will or heir . . . . shall be and remain a perpetual fund, the interest of which together with all the rents of the unsold lands . . . . shall be inviolably appropriated to the support of common schools throughout the State."

The fault in the argument is that Guilford did not die without heirs. The petitioners were his heirs, and the property of his estate vested in them subject to be divested if they did not appear and claim it within the time and in the manner provided by statute.

The case of *State* v. *Reder*, 5 Neb. 203, is not in point. In that case the deceased left no heirs, and his estate was held to have vested absolutely and wholly in the State. Under a constitutional provision similar to ours, the proceeds of the estate were placed in the school fund, and the legislature had attempted to divert them to other objects, but the court said the act "is a mere nullity and confers upon the trustees therein named no rights or power over the estate."

We think the judgment should be affirmed.

SEARLS, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion the judgment is affirmed.

Hearing in Bank denied.