[Sac. No. 4521. In Bank.—March 2, 1932.]

FRANK S. SMITH, etc., et al., Respondents, v. W. T. WHITE, as Sheriff, et al., Appellants.

Busick & Leeper for Appellants.

Edward Bickmore for Respondents.

PRESTON, J.—The relief granted by the court below in this cause appears to be somewhat broader than the pleadings, when properly interpreted, warrant. The case as made therein and as shown by the evidence is an action in equity to enjoin an execution sale upon the ground that the judgment underlying it was procured by fraudulent conduct on the part of the judgment creditor and as a result of such fraud, pecuniary damage has resulted to plaintiffs in excess of the said judgment. The complaint also tenders the issue that the levy, if otherwise legal, is ineffective because the property affected thereby was theretofore and then impressed with a valid homestead and for that reason exempt. This latter issue, however, need not be discussed in view of our views upon the former.

The facts necessary to this discussion are: That plaintiffs were the owners and mortgagors of a lease and furnishings of a hotel in Sacramento, the defendant Kindblom being the mortgagee. The mortgage amounted to approximately the sum of $4,124.50. A foreclosure in the Superior Court of Sacramento was had. A sale was ordered and was being conducted when this occurred: The mortgagors were present and prepared on behalf of themselves or some other person or persons to bid the amount of the mortgage for the property, there being apparently other reasons why they did not redeem same prior to sale. Said defendant was also present and had with him a prospective purchaser of the property, should he, the judgment creditor, be the successful bidder. This prospective purchaser was pledged to give a greater amount for said property than the mortgage debt. The defendant, so the court found, for selfish reasons, conspired with the owner of the hotel and caused him, through his son, to proclaim during the bidding that he would not accept plaintiffs as tenants of the building, if they became the purchasers, and so "chilled" the sale as to allow defendant to secure the property for $2,500, plaintiffs having stopped bidding at the figure of $2,300. Accordingly, a deficiency judgment in the sum of $2,124.50 was entered in favor of said defendant and against plaintiffs. Upon this deficiency judgment so secured in Sacramento County, execution issued and was levied upon real property of the plaintiffs situated

in Merced County, whereupon plaintiffs brought this action in said county seeking, first, to enjoin the sale on the ground that the real property constituted a valid homestead and, secondly, a count therein was based upon the claim of fraud growing out of said foreclosure sale as above mentioned. As a prayer the said complaint demanded not only the granting of said injunction but damages in the amount of $11,000. Plaintiffs had judgment on both counts, first, for the injunction as prayed and, second, for damages in the sum of $2,300, the second count having been heard by the court sitting with a jury. The court also entered separate judgments under each count. Defendants have appealed.

The appellant judgment creditor questioned the second cause of action both by demurrer and by answer, challenging the jurisdiction of a court of Merced County over it and also pleading that the two causes of action were improperly united. It is true that the court apparently treated the causes of action as independent of each other and gave judgment on both causes of action as such without compelling either an *in toto* or *pro tanto* satisfaction or cancellation of said deficiency judgment.

But in this state legal and equitable issues are administered in the same tribunal and where a finding on a legal issue is a necessary basis for the equitable relief demanded or where the legal issue is merely incidental to the equitable one, the judge, acting in the capacity of a chancellor of a court of equity, will himself determine all issues.

The proper construction of the pleadings here is that the action is purely one in equity to annul the levy of an execution on real property and to restrain the sale thereunder and, as a basis for such relief, to have it declared that the deficiency judgment was procured through fraud and that damages resulted therefrom sufficient in extent to overcome and satisfy said deficiency judgment. Under this construction of the pleadings there is no issue as to whether or not a misjoinder of causes of action is present or whether the place of trial is the proper one or as to the jurisdiction of the court.

Plaintiffs, in order to protect their Merced County lands from illegal sale, properly instituted their action in the county where the lands were situated.

The finding of the jury that plaintiffs did suffer damages by the act of said defendant to the extent of $2,300 is supported by the record.

These views require the modification of said judgments by inserting therein the following direction: The judgment for $2,300 based upon the verdict of the jury and the deficiency judgment are hereby set off, the one against the other, and each is satisfied and discharged to the extent of the amount due on the other. As so modified, the judgments are affirmed. The respondents to recover their costs.

Waste, C. J., Shenk, J., Curtis, J., Langdon, J., and Seawell, J., concurred.