[Civ. No. 10064. First Appellate District, Division Two.—November 22, 1937.]

MARK FRANCIS FOY, Jr., Appellant, v. GLADYS ANITA FOY, Respondent.

544

Winston Churchill Black for Appellant.

M. Mitchell Bourquin and Clinton L. Markley for Respondent.

GRAY, J., *pro tem.*—An examination of the complaint discloses that plaintiff seeks in equity the vacation, for want of jurisdiction and fraud, of those portions of an interlocutory decree of divorce which awarded the custody of the child of the parties to defendant and directed plaintiff to pay to defendant certain sums for the support of herself and child, attorney's fees and costs. The following facts are alleged in the husband's complaint and not denied in the wife's answer. The parties had intermarried and had as the issue of their marriage one child. The wife had previously filed in the San Francisco superior court a complaint for divorce alleging certain acts of extreme cruelty and seeking the child's custody and an allowance for alimony, the child's maintenance, attorney's fees and costs. The husband at all times was and is a British subject, domiciled in Sydney, Australia. He had been served by publication and by personal service in Sydney. His default having been entered, the San Francisco superior court had granted the wife an interlocutory decree of divorce in which the custody of the child had been awarded to her and the husband had been ordered to pay her certain sums for alimony, maintenance of the child, attorney's fees and costs. His complaint further alleged but her an-

swer denied that she had fraudulently, because of pleaded facts, established a residence in San Francisco for herself and the child and that he, but not she, was entitled to the custody of the child.

After a trial upon the issues thus raised, the court annulled, for want of personal jurisdiction of the husband, the provisions of the decree granting alimony, maintenance, attorney's fees and costs but refused to disturb the award of the child's custody to wife. Thereafter, upon the husband's motion, the court granted a new trial upon the issue of the child's custody. Subsequently, on the wife's motion, the court ordered the husband to pay to her $50 per month for the child's support during the pendency of this action. He appeals from this order, urging the following reasons for reversal. He contends that the divorce decree, by awarding the child's custody to the wife without provision for his support of it, relieved him of such obligation. He denies the court's power to provide for the child's support *pendente lite* in this action in equity. He objects that the order was based upon a notice of motion which was served not upon him but upon his attorney.

In support of his first point, the husband invokes the rule that a parent, who has been deprived of the custody of his child in a divorce action without any provision therein for his support of it, cannot be held liable for such support in another action. (*Lewis* v. *Lewis*, 174 Cal. 336 [163 Pac. 42].) In an attempt to apply this rule to the present facts, he argues that after the annulment in this proceeding of the order in the divorce decree directing him to pay for his child's support, the decree then deprived him of its custody without provision for his support of it. The weakness of this argument lies in the fact that he, forgetting the purpose of this action, erroneously assumes that the provision in the divorce decree as to the custody of the child is a final adjudication. Obviously, since, in this proceeding, he has attacked that very provision and requested an award of the custody to himself, the court in passing on this issue was not bound by the prior determination in the decree. (*Caldwell* v. *Taylor*, 218 Cal. 471 [23 Pac. (2d) 758, 88 A. L. R. 1194].)

 He next argues that the court lacked authority to make an order for the child's support in this proceeding in equity, since its power to make such an order is derived

solely from section 137 of the Civil Code, which by its terms limits the exercise of such power to a pending divorce action. This argument lacks appreciation of the broad and flexible power of equity and misconceives the nature of this equitable proceeding and its relation to the divorce action. The custody of the child was an important issue in the divorce action and until that issue was finally determined the divorce action was pending. (*Grannis* v. *Superior Court*, 143 Cal. 630 [77 Pac. 647].) The husband in this action has not only attacked the provision of the interlocutory decree of divorce awarding the child's custody to the wife, but. he has also in his complaint tendered the issue as to which parent is entitled to such custody. It was the duty of the court, sitting in equity, to determine this issue and not leave it to further litigation. (*Spalding* v. *Spalding,* 75 Cal. App. 569 [243 Pac. 445].) ■ A court of equity in the exercise of its general chancery powers has inherent jurisdiction, independent of statute, to award and control the custody of children. (*Barrett* v. *Barrett,* 210 Cal. 559 [292 Pac. 622]; 46 C. J. 1249.) Incident thereto, a court of equity may provide for the maintenance of a child pending a determination of its custody. (*Paxton* v. *Paxton,* 150 Cal. 667 [89 Pac. 1083]; 46 C. J. 1275.) ■ The order also is authorized by section 137 of the Civil Code because if substance rather than form is considered, this proceeding is really a continuation of the divorce action. An action in equity to vacate an interlocutory decree, since it involves a reexamination of the issues, is analogous to a motion for a new trial. (*Carp* v. *Superior Court,* 76 Cal. App. 481 [245 Pac. 459].) The husband's choice of attack by an independent equitable proceeding rather than by a motion in the divorce action is immaterial and does not destroy the court's power to provide for the child's maintenance under section 137. (*Nelson* v. *Nelson,* 7 Cal. (2d) 449 [60 Pac. (2d) 982].) Although a decree of divorce had been previously granted, still the court under said section could order the husband to support his child. (*Dixon* v. *Dixon,* 216 Cal. 440 [14 Pac. (2d) 497].)

■ The husband questions the order because the notice of motion was served upon his attorney but not upon himself. He appeared in the action when he filed his complaint although it was verified by his attorney. (*Lyons* v. *State,* 67 Cal. 380 [7 Pac. 763].) Section 1010 of the Code of Civil

Procedure permitted service of the notice either upon him or his attorney. Since he resided out of the state, as alleged in his complaint, the notice was properly served upon his attorney as authorized by section 1015 of the same code.

He further argues that the court's power was limited to the relief requested. But a litigant who has appealed to equity may not so restrict its power. Where equity has acquired jurisdiction for one purpose, it will retain that jurisdiction to the final adjustment of all differences between the parties arising from the cause of action presented. It is the duty of a court of equity, when all the parties to the controversy are before it, to adjust the rights of all and leave nothing open for further litigation. (*Flood* v. *Templeton*, 152 Cal. 148 [92 Pac. 78, 13 L. R. A. (N. S.) 579]; *Newport* v. *Hatton*, 195 Cal. 132 [231 Pac. 987]; *Smith* v. *White*, 215 Cal. 204 [8 Pac. (2d) 1030]; *Walsh* v. *Majors*, 4 Cal. (2d) 384 [49 Pac. (2d) 598].)

The order is affirmed.

Spence, Acting P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 20, 1938.