Filed 10/30/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ANTHONY AULISIO, JR., et al., | |
| Plaintiffs and Appellants, | G048906 |
| v. | (Super. Ct. No. 30-2012-00573872) |
| BILL BANCROFT et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, Geoffrey T. Glass, Judge. Affirmed in part, reversed in part and remanded. Motion to dismiss appeal. Denied.

Anthony Aulisio, Jr., in pro. per., and as sole settlor, trustee, and beneficiary of Plaintiff and Appellant CAAJ Leasing Trust.

Law Office of Neal C. Swensen and Neal C. Swensen for Defendants and Respondents Bill Bancroft and BLB Enterprises, Inc., dba Patrol One.

Law Office of Brian Kindsvater and Brian Kindsvater for Defendants and Respondents John Vach and PD Transport, dba Southside Towing.

Law Office of Andrew W. Macrae and Jeffrey N. Redd for Defendants and Respondents Optimum Professional Property Management, Inc., and Debra Kovach.

\*                \*                \*

Anthony Aulisio, Jr., appeals from a jury verdict that found defendants, consisting of his homeowner association's management company (Optimum Professional Property Management and Debra Kovach), the patrol service it employed (BLB Enterprises, Inc., dba Patrol One, and Bill Bancroft), and a towing company (PD Transport, dba Southside Towing, and John Vach), did not wrongfully tow and convert his Jeep vehicle, nor convert the personal property it contained. CAAJ Leasing Trust (CAAJ), which Aulisio created as sole grantor, trustee, and trust beneficiary, owned legal title to the Jeep and also appeals. Specifically, CAAJ appeals the trial court's ruling at the outset of trial that CAAJ "can't participate in the proceedings" with Aulisio appearing in propria persona as the trust's sole trustee and sole beneficiary.

The trial court relied on precedent that an executor or personal representative may not appear in propria persona in court proceedings outside the probate context on behalf of a decedent's estate because representing another person or entity's interest in a lawsuit constitutes the unauthorized practice of law. (*Hansen v. Hansen* (2003) 114 Cal.App.4th 618 (*Hansen*); *City of Downey v. Johnson* (1968) 263 Cal.App.2d 775 (*City of Downey*).) Similarly, in actions involving the trust corpus, a trustee generally may not appear in propria persona "'because in this capacity [he or she] would be representing *interests of others* and would therefore be engaged in the unauthorized practice of law. [Citation.]'" (*Ziegler v. Nickel* (1998) 64 Cal.App.4th 545, 548 (*Ziegler*), original italics.) But if a sole trustee is also the trust's sole settlor and beneficiary, the rationale of these cases ceases to apply: no interests are at stake except those of one person.

The purpose of the State Bar Act (Bus. & Prof. Code, § 6000 et seq.; all further undesignated statutory references are to this code) and its prohibition against the unauthorized practice of law (§ 6125) is to protect the public, the courts, and litigants who rely on attorneys by "'assur[ing] the competency of those performing [legal] services.'" (*Drake v. Superior Court* (1994) 21 Cal.App.4th 1826, 1830 (*Drake*).) It may

2

be advantageous to a litigant, the courts, the public, and even lawyers to hire legal representation; indeed, the adage that "a self-represented attorney has a fool for a client" is too often proven true. But nothing in the State Bar Act since its enactment in 1927 has abrogated the right to represent one's own interests in court. That right of self-determination applies equally to nonlawyers like Aulisio.

Consequently, we conclude that a sole trustee of a revocable living trust who is also the sole settlor and beneficiary of the trust assets he or she is charged to protect does not appear in court proceedings concerning the trust in a representative capacity. Instead, he or she properly acts in propria persona and does not violate the bar against practicing law without a license. (§ 6125.) We therefore reverse the judgment as to CAAJ, and remand so Aulisio may appear in propria persona to assert his interest as the sole beneficial owner of the Jeep as a trust asset. As we explain, however, we affirm the judgment against Aulisio in his individual capacity concerning his personal property in the Jeep.

I

FACTUAL AND PROCEDURAL BACKGROUND

Aulisio includes in the appellate record only the reporter's transcript of the trial court's pretrial hearings, a printout of the trial court's summary register of filings in the case, and the judgment and notice of judgment, but not the trial transcript or any of the actual pleadings, motions, or other filed documents. This scant record barely suffices as a basis to review CAAJ's appeal of the trial court's pretrial ruling. (See *Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324 (*Nielsen*) ["It is the burden of the party challenging a judgment on appeal to provide an adequate record to assess error"].) But as we discuss below, the limited record severely compromises Aulisio's appeal in his individual capacity because we must presume any gaps in the record support the judgment. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566 (*Denham*) [judgment is

3

presumed correct].)  Given the skeletal record, we turn to the parties' briefs for the requisite narrative background.

Defendants towed Aulisio's 1987 Jeep Cherokee from his driveway or the road outside his home in a condominium complex in June 2009.  According to defendants, the patrol company retained by the homeowners' association cited the Jeep on several occasions for parking in the complex with expired "tags," in violation of the association's parking rules requiring current vehicle registration.  When Aulisio did not move the Jeep or update the expired tags, the patrol company cited the vehicle again and had it towed.  According to Aulisio, he displayed prominently on the Jeep's dashboard a "moving pass" issued by the Department of Motor Vehicles that constituted valid, current vehicle registration, and therefore defendants wrongfully cited and towed his Jeep.  According to Aulisio, despite his attempts to recover the Jeep and its contents, defendants "refused to return the property . . . , all of which eventually disappeared with no explanation."

Aulisio retained a lawyer who filed a complaint on his behalf and on behalf of CAAJ for the allegedly wrongful towing and conversion.  CAAJ owned the Jeep, but not the contents inside the vehicle, which belonged to Aulisio.  For reasons not explained in the record, the lawyer ceased appearing at pretrial proceedings.  Aulisio thereafter appeared in propria persona and sought also to appear for CAAJ as its sole trustee and sole beneficiary.  Defendants objected to this arrangement, arguing that regardless of whether Aulisio was a trustee, beneficiary, or both, he could not assert the trust's interests or an interest in the Jeep as a component of the trust corpus because he was not a lawyer.  According to defendants, doing so would be tantamount to providing legal representation to the trust, violating section 6125's bar on the unauthorized practice of law.

The trial court resolved the issue at a hearing on the day of trial.  First, the trial court substituted Aulisio, in his capacity as CAAJ's sole trustee, for CAAJ as a plaintiff in the lawsuit.  Confirming "that you, Mr. Aulisio, are the only trustee for the

4

CAAJ Leasing Trust," the trial court "amend[ed] the plaintiff's name [on the complaint] from CAAJ Leasing Trust to Anthony Aulisio, Jr., as trustee for the CAAJ Leasing Trust." The court explained, "I am doing that sua sponte because the leasing [trustee has] a fiduciary duty with respect to [protecting trust] property." The trial court correctly substituted the trustee as the proper plaintiff instead of the trust itself because in a cause of action brought on behalf of a trust, the trustee is the real party in interest, not the trust itself or its beneficiaries. (*Powers v. Ashton* (1975) 45 Cal.App.3d 783, 787; Prob. Code, § 16249 [trustee empowered "to prosecute or defend actions, claims, or proceedings for the protection of trust property"].)

Next, the trial court rejected Aulisio's suggestion that as CAAJ's sole trustee and sole beneficiary he was entitled to appear in propria persona to vindicate his interest in the Jeep. Aulisio relied on an oft-cited federal case, *C.E. Pope Equity Trust v. U.S.* (9th Cir. 1987) 818 F.2d 696, 697 (*C.E. Pope*).[1] The trial court summarized Aulisio's position, "You're the only beneficiary you're telling me. You haven't proved it yet. But presumably, you could present me evidence that says you're the only beneficiary, the only trustee; therefore, according to some case, the trustee can represent himself in court." The trial court rejected the notion, relying on *Hansen* for the general principle that representation by "a non-attorney trustee" amounts to "the unlicensed practice of law."

The trial court rejected Aulisio's garbled explanation that "it is a grantor's trust, a grantor's trust that can be — it is called a revocable trust, can be revoked at any time. If I revoke it now, then I — I would — I, as the beneficiary revoking that trust,

---

[1]  *C.E. Pope* was the first to recognize the prohibition against unauthorized legal practice does not apply to a trustee who is also "the actual beneficial owner of the claims being asserted by the Trusts." (818 F.2d at p. 697.) *C.E. Pope* has been cited with approval on this point more than 200 times. But on appeal neither Aulisio nor any of the respondents discuss the case. It forms no part of our decision, which instead turns on the right of self-representation that follows when the settlor, trustee, and sole beneficiary are one and the same person.

would — the claims would accrue to me individually. [¶] . . . [¶] And I would be able to go forward."

The court explained to Aulisio, "[Y]ou're entitled as the trustee to assert the rights to protect the property of the trust," but concluded, "[N]ot in pro per, not by yourself, not you representing it." Reasoning from the example in *Hansen* of an executor unsuccessfully attempting to represent the decedent's estate in a nonprobate plaintiff's action (*Hansen*, *supra*, 114 Cal.App.4th at pp. 619-620), the trial court concluded: "In California, a trustee who is not a lawyer cannot appear in pro per in legal proceedings to protect the assets of the estate . . . ." The trial court emphasized to Aulisio, "You cannot do that," but acknowledged candidly, "I may be wrong about that. [¶] It may be that there is an exception . . . you may be right in the long run that [such a] trust is entitled to be represented by the trustee whether they're a lawyer or not. [But that] is not what the case law says. That is not what this district has said."

Accordingly, the trial court explained that in the absence of a licensed attorney appearing on behalf of the trust, "[I]t is like [CAAJ] didn't show up today for the hearing, for the matter. [¶] So that is the way it is going to sit at this point. [A]t this point, there is no evidence. They [CAAJ] can't participate in the proceedings."

The court also clarified: "[T]he issue of the [Jeep] is not an issue we're going to try. Well, you — Mr. Aulisio, you can present evidence with regard to the car but no — you're not going to be able to seek any damages for the car. You didn't own the car. [¶] . . . There may — there will be evidence, I am sure, about the towing of the car. Because that is the basis for the claim that they owe you with respect to the personal property, your personal property [in the car]. [¶] But you're not going to be allowed to argue that they have any liability for whatever was leased, the car and anything else that was leased [by] CAAJ, because you're not representing them, the trust. I will tell [the jury] that the trust — well, I will tell them that CAAJ at this point is not a party to the case."

6

Consequently, CAAJ and Aulisio in his capacity as CAAJ's trustee did not participate in the remainder of the trial. After the jury rendered a defense verdict, the trial court entered a written judgment "for all defendants and against Anthony Aulisio, Jr.," and "for all defendants and against Anthony Aulisio, Jr., as Trustee for the CAAJ Leasing Trust." Aulisio now appeals for himself individually and as CAAJ's trustee.

II

DISCUSSION

A.     *Aulisio's Right to Appear in Propria Persona to Litigate CAAJ's Interests*

Aulisio contends the trial court erred in concluding he could not appear in the trial proceedings on behalf of the trust as its sole settlor, trustee, and beneficiary without violating the statutory prohibition against the unauthorized practice of law. We agree. Section 6125 provides: "No person shall practice law in California unless the person is an active member of the State Bar." Because the facts are undisputed, we review de novo whether a person's conduct amounts to practicing law without a license. (See *Hansen*, *supra*, 114 Cal.App.4th at p. 622 [issue resolved as a matter of law on appeal].)

The trial court's reliance on *Hansen* and its antecedent *City of Downey* was misplaced because those cases involved a personal representative and an executor purporting to represent a decedent's estate in nonprobate general civil suits, not as here a trustee who was also the trust's sole settlor and beneficiary. In *Hansen*, the plaintiff (Patricia) claimed to be the personal representative of her mother's estate and on the estate's behalf sued her sister Christine, alleging Christine withdrew and misspent $90,000 from their mother's bank account before the mother died. (*Hansen*, *supra*, 114 Cal.App.4th at p. 620.) Patricia alleged causes of action for breach of contract, fraud, misrepresentation, and breach of fiduciary duty, and appeared in pretrial proceedings without objection "on behalf of the estate in propria persona." (*Ibid.*) She appealed when the trial court sustained Christine's demurrer without leave to amend, but

7

we did not reach the merits of her appeal because we concluded the trial court should have stricken her complaint on behalf of the estate. She could not properly file the complaint on behalf of another because she was not authorized to practice law. (*Id.* at pp. 621-622.) We explained that while a person may represent his or her own litigation interests, "[s]ince the passage of the State Bar Act in1927, [they] may not represent the interests of another unless they are active members of the State Bar." (*Id.* at p. 621; see § 6125.)

Similarly, in *City of Downey* the court explained the executor of a decedent's estate could not defend "in propria persona" against the city's eminent domain action against the decedent's property. (*City of Downey*, *supra*, 263 Cal.App.2d at p. 780.) In *City of Downey* and in *Hansen* nothing about the litigation was personal to the executor or personal representative, respectively, such as the recovery of fees for their services as an executor or personal representative. (*Hansen*, *supra*, 114 Cal.App.4th at p. 622.) Instead, in each case a nonattorney estate agent embarked on the practice of law by conducting litigation offensively or defensively in a representative capacity for another person, which violates the State Bar Act. (§ 6125.)

*Ziegler* articulates a similar general prohibition for nonattorney trustees. *Ziegler* recognized that unlike a corporation or similar entities, a "'trust is not a person but rather a "*fiduciary relationship with respect to property.*" [Citations.] Indeed, ""an ordinary express trust is not an entity separate from its trustees."" [Citation.]' [Citations.]" (*Ziegler*, *supra*, 64 Cal.App.4th at p. 548, original italics.) Moreover, the trustee's statutory duties touch on litigation given that "'the trustee is the proper person to sue or be sued on behalf of [a] trust.' [Citation.]" (*Ibid.*; Prob. Code, § 16249.) Accordingly, *Ziegler* observed "one might conclude, because the trustee and trust are not separate, the trustee would not be practicing law in a representative capacity if that trustee appeared in court in litigation involving the trust property." (*Ziegler*, at p. 548.)

8

*Ziegler* explained, however, that "'a trustee's duties in connection with his or her office do not include the right to present argument [in propria persona] in courts of the state, because in this capacity such trustee would be representing *interests of others* and would therefore be engaged in the unauthorized practice of law. [Citation.]' [Citations.] [¶] Stated otherwise, '[a] trustee must *always act solely in the beneficiaries' interest*. [Citations.]' [Citations.]" (*Ziegler*, *supra*, 64 Cal.App.4th at pp. 548-549, original brackets and italics.) Consequently, *Ziegler* held: "A nonattorney trustee who represents the trust in court is representing and affecting the interests of the beneficiary and is thus engaged in the unauthorized practice of law." (*Id.* at p. 549.) *Ziegler* therefore affirmed on appeal the trial court's order directing the nonlawyer trustee to withdraw as the trust's attorney in a lawsuit involving the trust's purchase of a mobile home, and to instead retain a lawyer to appear for the trust. (*Id.* at pp. 547, 549.) Like *Hansen* and *City of Downey*, *Ziegler* articulates a general rule that nonattorneys who purport to conduct litigation on behalf of others violate the prohibition against the unauthorized practice of law.

But where, as here, the trustee is also the sole settlor and trust beneficiary, the rationale underlying the prohibition on a trustee's in propria persona representation does not apply. Simply put, a trustee litigating on behalf of a trust in which he as the settlor has designated himself the sole beneficiary is not representing the interests of others. The interest he represents is his own.

The trial court here analogized to sole shareholder corporations as a reason to preclude Aulisio from proceeding in court on the trust's behalf. "A corporation cannot represent itself in court, either in propria persona or through an officer or agent who is not an attorney." (*Vann v. Shilleh* (1975) 54 Cal.App.3d 192, 199.) The trial court apparently reasoned that because a corporation is a separate legal entity from its shareholders, and must utilize an attorney to conduct litigation (*ibid.*), the same must be

true of trusts, even when the settlor of a revocable trust is also the trustee and sole beneficiary.

But as *Ziegler* explained, corporations and trusts differ in important respects. "In contrast to a corporation which is a '". . . distinct legal entity separate from its stockholder and from its officers" [citation],'" a trust is "'not a person but rather "*a fiduciary relationship*"'" between the trustee and trust beneficiaries. (*Ziegler*, *supra*, 64 Cal.App.4th at p. 548, original italics.) As *Ziegler* also explained, a nonattorney trustee engages in the unauthorized practice of law where he or she purports to represent the "*interests of others*" by litigating on behalf of the trust beneficiaries. (*Id.* at pp. 548-549, original italics.) But when the sole settlor, trustee, and beneficiary are the same person, a trustee litigating to defend the trust corpus represents his or her own interests, not someone else's. Consequently, there is no obstacle in *Hansen*, *City of Downey*, or *Ziegler* to the trustee's self-representation in these circumstances.

It is critical here that Aulisio is the sole trust settlor. In a revocable trust, the "trustee owes a fiduciary duty to the settlor, not to the beneficiaries, as long as the settlor is alive. During that time, the trustee needs to account to the settlor only and not also to the beneficiaries. When the settlor dies, the trust becomes irrevocable, and the beneficiaries' interest in the trust vests." (*Estate of Giraldin* (2012) 55 Cal.4th 1058, 1062.) Thus, if Aulisio were not the settlor, but only the trustee and sole beneficiary of a revocable trust settled by someone else, he could not purport to litigate trust matters in propria persona because the interests at stake in protecting the trust corpus would belong to the settlor, not Aulisio. He would not be representing his own interests, but rather his fiduciary duty as the trustee would run to another person, the settlor. By purporting to litigate in propria person, he actually would be engaged in the unauthorized practice of law, as *Hansen*, *City of Downey*, and *Ziegler* explain.

But as CAAJ's sole settlor, trustee, and beneficiary, the interests Aulisio attempted to represent at trial were his own. The right of self-representation is long

10

established, with examples dating to statehood and long predating the State Bar Act. (E.g., *Ex parte Field* (1850) 1 Cal. 187; see *Lyons v. State of California* (1885) 67 Cal. 380, 384 ["The general rule is that parties, whether plaintiff or defendant, resident or non-resident, may appear in court to claim their supposed rights, either in person or by [an] attorney"].) Nothing in the Act or its prohibition against unauthorized law practice (§ 6125) abrogate the right of self-representation where, as here, the interests at stake are truly one's own. Because the trial court in ordering Aulisio to cease representing the trust effectively precluded CAAJ from participating in its own lawsuit, we must reverse the judgment against CAAJ. We therefore also deny the patrol defendants' motion to dismiss Ausilio's appeal as an unauthorized instance of practicing law on behalf of others.

B.      *Aulisio's Personal Property in the Jeep*

Aulisio argues in his own capacity that the judgment in favor of defendants and against him personally should also be reversed because the jury "would have been confused that the liability related to the taking of the Jeep was not at issue and thus [mistakenly concluded] its contents, including the computer[,] could not have been wrongfully taken." Aulisio, however, does not include in the record on appeal any of the trial proceedings. He does not include a reporter's transcript of the trial or any portion of the trial, nor any jury instructions or other trial materials.

It appears from the transcript of the trial court's self-representation ruling on the first day of trial that the court excluded evidence of *damages* concerning the Jeep, but not whether it was wrongfully towed. The court explained: "[T]he issue of the [Jeep] is not an issue we're going to try. Well, you — Mr. Aulisio, you can present evidence with regard to the car but no — you're not going to be able to seek any damages for the car. You didn't own the car. [¶] . . . There may — there will be evidence, I am sure, about the towing of the car. Because that is the basis for the claim that they owe you with respect to the personal property, your personal property [in the car]. [¶] But you're not

11

going to be allowed to argue that they have any liability for whatever was leased, the car and anything else that was leased [by] CAAJ, because you're not representing them, the trust. I will tell [the jury] that the trust — well, I will tell them that CAAJ at this point is not a party to the case."

On this record, the distinction between damages for the Jeep and causation, i.e., whether it was wrongfully towed and therefore also resulted in the loss of Aulisio's personal property, does not establish any error in the judgment concerning Aulisio in his individual capacity. He did not own the Jeep in that capacity and therefore was not entitled to assert damages for its loss. His suggestion the jury would have been confused by the difference between damages and causation fails because we presume jurors are intelligent and capable of sorting through the evidence and applying the law. We may not assume the trial court erroneously excluded towing or other causation evidence relevant to Aulisio's loss of his personal property, nor may we assume the trial court erroneously instructed the jury or somehow committed other legal error. To the contrary, we presume the judgment is correct and indulge in all inferences in favor of the judgment. (*Denham*, *supra*, 2 Cal.3d at p. 566.) The pretrial transcript reflects an accurate distinction between the concepts of damages and causation, and Aulisio has failed his burden to demonstrate error in the trial record. (See *Fladeboe v. American Isuzu Motors, Inc.* (2007) 150 Cal.App.4th 42, 58 [fundamental principles of appellate review include: "(1) a judgment is presumed correct; (2) all intendments and presumptions are indulged in favor of correctness; and (3) the appellant bears the burden of providing an adequate record affirmatively proving error"].)

C.    *Structural Error*

The towing defendants argue that because the jury heard and rejected evidence the towing was improper, "[t]here is no possible different result if a conversion of the Jeep claim had been tried . . . ." In effect, the towing defendants argue the jury's

12

verdict renders "moot" any error in precluding Aulisio from representing CAAJ and thereby preventing CAAJ from participating in the trial. According to defendants, "Evidence about the validity of the tow consumed virtually the entire trial. It was 'the' issue," and they do not want to retry it as to CAAJ and damages for the Jeep. Defendants rely on the principle that an appellant must demonstrate not only error, but also prejudice, and they claim that in failing to provide the trial record and thereby also failing to prove any prejudicial evidentiary or instructional error, CAAJ is not entitled to reversal. They insist there is no reasonable probability a different judgment could have been rendered.

Structural error requires reversal here. Structural errors affect "the framework within which the trial proceeds, rather than simply an error in the trial process itself." (*Arizona v. Fulminante* (1991) 499 U.S. 279, 310.) Such errors are not subject to the conventional harmless-error analysis because they affect the entire conduct of the trial from beginning to end. (*Id*. at pp. 309-310; *Soule v. General Motors Corp*. (1994) 8 Cal.4th 548, 577.) "In the civil context, structural error typically occurs when the trial court violates a party's right to due process by denying the party a fair hearing. [Citation.] Structural errors requiring automatic reversal include denying a party's request for a jury trial [citation] and violating a party's right to present testimony and evidence [citations]." (*Conservatorship of Maria B*. (2013) 218 Cal.App.4th 514, 534.) "A structural error requires reversal without regard to the strength of the evidence or other circumstances. [Citation.]" (*In re Enrique G*. (2006) 140 Cal.App.4th 676, 685.)

The trial court committed structural error here by effectively precluding CAAJ from participating in the trial. The trial court recognized that with its self-representation order on the day of trial, CAAJ "can't participate in the proceedings." The court asserted it would tell the jury "that CAAJ at this point is not a party to the case," yet the court nevertheless allowed the jury to return a verdict against CAAJ and entered judgment against CAAJ. The court viewed its pretrial order as simply "ordering Mr. Aulisio to withdraw as the attorney for the trust. And . . . it is up to the trust to either

13

retain a member of the bar or not." But the trial court would not allow Aulisio to request a continuance on CAAJ's behalf. The court noted, "You cannot represent the trust in court. That's the bottom line. You cannot argue on their behalf. You cannot even ask for a continuance so they can get an attorney. Because you're not an attorney." The court concluded: "[T]his train has left the station, and we're starting trial whether the leasing company is in it or not — whether the trust is in it or not."

Due process is a flexible concept, but at its core includes the right to be heard. (*Mathews v. Eldridge* (1976) 424 U.S. 319, 334.) Denying CAAJ the right to participate in the trial in which an adverse judgment was entered against it violated due process and constitutes structural error. Defendants do not on appeal identify the elements of collateral estoppel or argue they apply here, and any such argument should be made in the trial court with a full and fair opportunity for CAAJ to participate in the proceedings. Similarly, the towing defendants' invocation of a statutory immunity for tow companies (Veh. Code, § 22658) is not proper on appeal, but rather belongs in the first instance in the trial court.

## III

## DISPOSITION

The judgment is affirmed as to Aulisio in his individual capacity. The judgment is reversed as to CAAJ and Aulisio as CAAJ's trustee, and remanded for further proceedings consistent with this opinion. Aulisio is entitled to costs on appeal.


ARONSON, ACTING P. J.

I CONCUR:


IKOLA, J.

14

FYBEL, J., concurring.

As the author of *Hansen v. Hansen* (2003) 114 Cal.App.4th 618 (*Hansen*), I have a responsibility to write separately to emphasize the decision to permit Anthony Aulisio, Jr., as trustee of the CAAJ Leasing Trust (the CAAJ Trust), to appear in propria persona is narrowly limited to the asserted facts of this case and is consistent with *Hansen* and with *Ziegler v. Nickel* (1998) 64 Cal.App.4th 545 (*Ziegler*) and *City of Downey v. Johnson* (1968) 263 Cal.App.2d 775 (*City of Downey*). *Hansen*, *Ziegler*, and *City of Downey* were correctly decided and nothing in the majority opinion should be read as abrogating or limiting them in any way. As explained in the majority opinion and in my concurrence, Aulisio can be self-represented only because he claims to be the sole settlor, sole trustee, and sole beneficiary of a revocable trust.

Business and Professions Code section 6125, part of the State Bar Act, provides that "[n]o person shall practice law in California unless the person is an active member of the State Bar." As *Hansen* explains, "[s]ince the passage of the State Bar Act in 1927, persons may represent their own interests in legal proceedings, but may not represent the interests of another unless they are active members of the State Bar." (*Hansen*, *supra*, 114 Cal.App.4th at p. 621.)

An ordinary express trust is not an entity separate from its trustees but rather is "'a fiduciary *relationship* with respect to property.'" (*Moeller v. Superior Court* (1997) 16 Cal.4th 1124, 1132, fn. 3.) "For that reason, the trustee, rather than the trust, is the real party in interest in litigation involving trust property." (*Ibid.*) And, "[a] trustee must always act *solely* in the beneficiaries' interest. [Citations.]" (*Id.* at p. 1134.) In *Ziegler*, *supra*, 64 Cal.App.4th at page 549, the Court of Appeal applied these principles to conclude, "[a] nonattorney trustee who represents the trust in court is representing and affecting the interests of the beneficiary and is thus engaged in the unauthorized practice of law. [Citation.]" Although the *Ziegler* opinion does not specifically state so, it

1

appears the trustee in that case was not the sole settlor and the sole beneficiary of a revocable trust.

The record does not reveal much about the CAAJ Trust. Indeed, we do not even have a copy of the purported trust instrument. What we do know is based only on representations made by Aulisio on the first day of trial. He represented to the trial court, and the parties have accepted as true for purposes of the appeal, that the CAAJ Trust is a revocable living trust, and that Aulisio, who is a natural person, is its sole settlor, sole trustee, and sole beneficiary.

A trust is presumed to be revocable by the settlor unless the trust instrument expressly makes the trust irrevocable. (Prob. Code, § 15400.) "A revocable trust is a trust that the person who creates it, generally call the settlor, can revoke during the person's lifetime. The beneficiaries' interest in the trust is contingent only, and the settlor can eliminate that interest at any time. When the trustee of a revocable trust is someone other than the settlor, that trustee owes a fiduciary duty to the settlor, not to the beneficiaries, as long as the settlor is alive." (*Estate of Giraldin* (2012) 55 Cal.4th 1058, 1062, fn. omitted.) Unless the trust instrument states otherwise, the person having the power to revoke the trust, and not the beneficiary, has the rights afforded beneficiaries while the trust is revocable (Prob. Code, § 15800, subd. (a)), and "[t]he duties of the trustee are owed to the person holding the power to revoke" (*id.*, § 15800, subd. (b)).

Those principles support the proposition that when, as in this case, the settlor, trustee, and beneficiary are the same natural person, and the settlor can revoke the trust at any time, the trustee litigating to defend the trust corpus is in effect representing his or her own interests. The trustee's fiduciary duties are owed to the settlor, who is the same person as the trustee. In this very limited situation, the trustee may invoke the right of self-representation and appear and represent the trust in litigation affecting trust property.

2

I emphasize that if any one of those facts is different—i.e., the trustee was not the sole settlor or the sole beneficiary, there is more than one trustee, the trustee is not a natural person,[1] or the trust is not a revocable living trust—then the holding in this case would not be applicable. As the majority's discussion of *Ziegler* and *Estate of Giraldin*, *supra*, 55 Cal.4th 1058, correctly recognizes, "if Aulisio were not the settlor, but only the trustee and sole beneficiary of a revocable trust settled by someone else, he could not purport to litigate trust matters in propria persona because the interests at stake in protecting the trust corpus would belong to the settlor, not Aulisio." (Maj. opn., *ante*, at p. 10.)

If the evidence presented after remand shows the facts regarding the CAAJ Trust are different from those represented by Aulisio, the majority and concurring opinions do not preclude the trial court from considering again whether Aulisio, as trustee, can represent the CAAJ Trust in propria persona without violating the rule against nonlawyers representing the interests of others.

The decision in this matter is consistent with *Ziegler*, *Hansen*, and *City of Downey*. As noted, *Ziegler* did not expressly state whether the trust in that case was revocable and whether the trustee was the sole settlor and the sole beneficiary. *Hansen* and *City of Downey* concerned executors of decedent's estates, and not trustees of revocable trusts. *Hansen* held, "[a] person who is unlicensed to practice law and who represents a decedent's estate cannot appear in propria persona on behalf of the estate in matters outside the probate proceedings." (*Hansen*, *supra*, 114 Cal.App.4th at p. 621.) In so holding, *Hansen* confirmed the principle announced in *City of Downey*, *supra*, 263 Cal.App.2d at page 779, that "in absence of statutory authorization, neither an executor, administrator, nor a guardian may appear except through a licensed attorney in

---

[1] "'A corporation cannot represent itself in court, either in propria persona or through an officer or agent who is not an attorney.'" (*Merco Constr. Engineers, Inc. v. Municipal Court* (1978) 21 Cal.3d 724, 729.)

proceedings involving matters other than his personal rights as such a representative."
(Fn. omitted.) In *City of Downey*, Judge Aiso (sitting by assignment), joined by Justices
Kaus and Hufstedler, held a nonlawyer representing a decedent's estate as conservator
and executor of a decedent's estate who was not a licensed attorney could not appear in
propria persona on behalf of the estate in litigation affecting estate property.[2] (*City of
Downey*, *supra*, at pp. 779-780.)

Considering the lack of California authority dealing precisely with the issue
presented in this case, the trial court understandably relied on *Hansen* and *City of
Downey*. Those decisions, and *Ziegler*, though distinguishable from this matter, were
correctly decided, and nothing in the majority opinion can or should be read to limit or
abrogate them.

Finally, I concur in the portion of the majority opinion affirming the
judgment against Aulisio in his personal capacity.


FYBEL, J.

---

[2] *Hansen* left open the issue whether the personal representative of a decedent's estate
may represent herself in propria persona in litigating a petition in the probate
proceedings. (*Hansen*, *supra*, 114 Cal.App.4th at p. 622.) Both *Hansen* and *City of
Downey* expressly left open the issue whether the executor of a decedent's estate can
appear in propria persona in probate proceedings affecting rights personal to the executor.
(*Hansen*, *supra*, at p. 622; *City of Downey*, *supra*, 263 Cal.App.2d at p. 780.) The
opinion in this matter does not address those issues either.