Filed 1/21/25  Myers v. Sundby CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| JEFFREY MYERS et al., | D084372 |
| Plaintiffs and Respondents, | |
| v. | (Super. Ct. No. 37-2021-00055006-CU-UD-CTL) |
| DALE H. SUNDBY, | |
| Defendant; | |
| DALE H. SUNDBY, as Trustee, etc., | |
| Movant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Joel R. Wohlfeil, Judge.  Appeal dismissed.

Dale H. Sundby, in pro. per., for Movant and Appellant.

Lewis R. Landau for Plaintiffs and Respondents.

MEMORANDUM OPINION[1]

Edith Littlefield Sundby and Dale H. Sundby (the Sundbys),[2] in their capacity as cotrustees of the Sundby Declaration of Trust, Trust No. 1989-1, Dated January 26, 1989 (the Sundby Trust), are the former owners of two parcels of real estate located in La Jolla, California (the property). The Sundby Trust defaulted in the payment of a promissory note secured by a deed of trust on the property. The owner and holder of the promissory note and deed of trust recorded a notice of default, held a foreclosure sale, and sold the property to Jeffrey Myers and Kathleen Myers (the Myerses). In September 2021, the Myerses served a written three-day notice to quit due to foreclosure and a 90-day notice to quit due to foreclosure, demanding possession of the property within three days after service on the Sundbys.

The Myerses filed a verified unlawful detainer complaint against the Sundbys, in their capacity as cotrustees of the Sundby Trust, after the Sundbys refused to deliver possession of the property. The trial court entered default judgments against Edith and Dale. In prior consolidated appeals, we affirmed the trial court's denial of Dale's motion to vacate his default and the resulting default judgment against him. (*Myers v. Sundby* (Jan. 25, 2023, D080011, D080348, D080687) [nonpub. opn.].)

In April 2024, Dale, acting in his capacity as a trustee of the Sundby Trust, filed a postjudgment motion to intervene as a matter of right in this action. In response, the Myerses filed an ex parte application to strike the motion to intervene, alternatively to expedite the motion, contending the

---

[1]    We resolve this case by memorandum opinion pursuant to the California Standards of Judicial Administration, section 8.1.

[2]    We refer to Edith Littlefield Sundby and Dale H. Sundby by their first names for clarity.

motion constituted the unauthorized practice of law. Dale opposed the application, arguing he was "solely representing his sole settlor and sole beneficiary interest as to the transfer of one-half of his sole portion of community property to the trust." (Bolding and underline omitted.)

The trial court issued a minute order on May 2, 2024, granting the Myerses' application to strike the motion. Dale appeals from this postjudgment order. He contends he is not engaging in the unauthorized practice of law because he is "the sole trustee as to his sole beneficial interest as to his sole transfer of that interest into the trust, [and] can represent that sole trust interest." Relying on *Aulisio v. Bancroft* (2014) 230 Cal.App.4th 1516, Dale contends he is not representing any other person's interest in the trust, can represent himself, and requests we reverse the order and remand the matter to the trial court to determine the motion on its merits. The Myerses argue the order should be affirmed, or the appeal dismissed, because the order is not an appealable postjudgment order. Assuming we reach the merits, they contend the trial court properly struck Dale's motion because he is engaging in the unauthorized practice of law.

DISCUSSION

An order entered after an appealable judgment is itself appealable under Code of Civil Procedure section 904.1, subdivision (a)(2). However, "not every postjudgment order that follows a final appealable judgment is appealable. To be appealable, a postjudgment order must satisfy two additional requirements." (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651.) The first requirement "is that the issues raised by the appeal from the order must be different from those arising from an appeal from the judgment." (*Ibid.*) The second is "that 'the order must either affect the judgment or relate to it by enforcing it or staying its execution.' " (*Id.* at

3

pp. 651–652.)  A postjudgment order "affects" the judgment or "relates to its enforcement" when "it determines the rights and liabilities of the parties arising from the judgment, is not preliminary to later proceedings, and will not become subject to appeal after some future judgment."  (*Id.* at p. 656.)

Dale did not address why the postjudgment order striking his motion to intervene is appealable in his opening brief.  Dale addresses this issue in his reply brief, contending that this postjudgment order is appealable under Code of Civil Procedure section 904.1, subdivision (a)(2).

Dale, however, does not explain how the order striking his motion to intervene, after the Myerses have already obtained possession of the property, affected the unlawful detainer judgment or related to its enforcement.[3]  The May 2, 2024, postjudgment order granting the Myerses application to strike Dale's motion to intervene is not appealable because Dale has not shown how this order determines the rights and liabilities of the parties arising from the unlawful detainer judgment.  We conclude the May 2, 2024, postjudgment order is not appealable.  Because we lack jurisdiction to review a nonappealable order, this appeal must be dismissed.  (*Daugherty v. City and County of San Francisco* (2018) 24 Cal.App.5th 928, 942.)  This conclusion moots the Myerses' second argument that the trial court properly struck Dale's motion to intervene because he is engaging in the unauthorized practice of law.

---

[3]    As an aside, Dale does not explain why he waited years after the Myerses filed their unlawful detainer complaint to seek intervention.

## DISPOSITION

The appeal is dismissed.  Respondents are entitled to their costs on appeal.


O'ROURKE, J.

WE CONCUR:


HUFFMAN, Acting P. J.


DATO, J.

5