

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>DEBBIE REID O'GORMAN,<br><div align="center">Debtor.</div> | BAP No. NC-25-1100-SGC<br><br>Bk. No. 21-10374 |
| GRANT REYNOLDS REVOCABLE LIVING TRUST, Dated September 25, 2020,<br><div align="center">Appellant,</div><br>v.<br>TIMOTHY W. HOFFMAN, Chapter 7 Trustee,<br><div align="center">Appellee.</div> | **MEMORANDUM**<sup>*</sup> |

Appeal from the United States Bankruptcy Court
for the Northern District of California
William J. Lafferty, III, Bankruptcy Judge, Presiding

Before: SPRAKER, GAN, and CORBIT, Bankruptcy Judges.

We have jurisdiction over this matter pursuant to 28 U.S.C. § 158.

Grant Reynolds, on behalf of the Grant Reynolds Revocable Living Trust,

Dated September 25, 2020 ("Trust") appeals from an order awarding

chapter 7 trustee Timothy W. Hoffman $138,816 in "prevailing party"

---

<sup>*</sup> This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

attorney's fees under Cal. Civ. Code § 1717. Reynolds has not challenged the applicability of Cal. Civ. Code § 1717 to the fees awarded. Nor has he otherwise challenged the amount of fees awarded.[1] His sole argument is based on Cal. Civ. Code § 3439.09(c) ("Statute of Repose Argument").[2] He claims that this statute of repose barred Hoffman's objection to the Trust's proof of claim under a $4 million note and a deed of trust securing that note and, therefore, necessarily bars any award of attorney's fees.

A prior decision of this Panel rejected Reynolds' Statute of Repose Argument. *Grant Reynolds Revocable Living Tr. v. Hoffman (In re O'Gorman)*, 2024 WL 966967, at *7 (9th Cir. BAP Mar. 6, 2024). We rejected this argument for the same reasons stated by the bankruptcy court. *Id.* at *6-7. Reynolds did not appeal from our decision affirming the bankruptcy court's disallowance of his proof of claim.[3]

Our prior decision is law of the case. "Under the law of the case

---

[1] The fee order awarded fees against both the Trust and Reynolds individually, but Reynolds only named the Trust as an appellant in this appeal. Given our disposition of this appeal, his failure to name himself individually as an appellant is irrelevant. A prior BAP motions panel already has determined that Reynolds is eligible to represent his Trust *in propria persona* in this appeal. *See* BAP Doc. No. 6 (citing *Aulisio v. Bancroft*, 230 Cal. App. 4th 1516, 1523–1525 (2014)).

[2] Cal. Civ. Code § 3439.09(c) is a statute of repose extinguishing any avoidable transfer cause of action if no action is brought within seven years of the transfer. *See PGA W. Residential Ass'n, Inc. v. Hulven Int'l, Inc.*, 14 Cal. App. 5th 156, 179–80 (2017).

[3] We exercise our discretion, when appropriate, to take judicial notice of documents electronically filed in the underlying bankruptcy case and in related proceedings. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

doctrine, a court is barred from reconsidering an issue that already has been decided in the same court or in a higher court in the same case." *FDIC v. Kipperman (In re Com. Money Ctr., Inc.)*, 392 B.R. 814, 832 (9th Cir. BAP 2008) (citing *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990)). We follow the law of the case unless one of three factors is satisfied: "(1) the first decision was clearly erroneous and would result in manifest injustice; (2) an intervening change in the law has occurred; or (3) the evidence on remand [is] substantially different." *Id.* at 832-33 (quoting *Milgard Tempering, Inc.*, 902 F.2d at 715).

Nothing in the record suggests that any of these three factors are applicable here. In short, we already addressed and rejected Reynolds' Statute of Repose Argument in our prior decision, and that prior decision is law of the case. Because Reynolds fails to otherwise challenge the award of attorney's fees, we AFFIRM.[4]

---

[4] As an alternative ground for affirmance, the issue preclusive effect of our prior decision also would bar Reynolds from relitigating his Statute of Repose Argument. Federal issue preclusion requires that (1) the issue to be relitigated is identical and necessarily decided in the previous proceeding, (2) the first proceeding ended with a final judgment on the merits, and (3) the parties are identical or in privity. *Frankfort Digit. Servs., Ltd. v. Kistler (In re Reynoso)*, 477 F.3d 1117, 1122 (9th Cir. 2007) (citing *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006)). Here, the issue and parties involved indisputably are the same. Nor is there any question that our 2024 decision in *In re O'Gorman* was a final decision on the merits, which Reynolds failed to appeal.